***REMOVAL TO FEDERAL COURT:***
***David Pearson and Sandra Pearson v. John Doe, Dollar General Corporation and Werner Enterprises, Inc.***
***USDC, Northern District, Atlanta Division***
***Case Number:  TBA after filing of Removal***

***REMOVED FROM STATE COURT:***
***David Pearson and Sandra Pearson v. John Doe, Dollar General Corporation and Werner Enterprises, Inc.***
***State Court of Cobb County, State of Georgia***
***Civil Action File Number:  18-A-2380***

# EXHIBIT B

## All Process, Pleadings, & Orders Served upon Dollar General Corporation

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  18-A-2380

$249.00 COST PAID

PEARSON, DAVID
PEARSON, SANDRA

**PLAINTIFF**

**VS.**

DOE, JOHN
DOLLAR GENERAL CORP c/o Corporation
Service, RA
WERNER ENTERPRISES, INC., c/o Nat'l
Registered Age

**DEFENDANTS**

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Will Hammill**
> **Kenneth S. Nugent, P.C.**
> **4227 Pleasant Hill Road**
> **Building 11, Suite 300**
> **Duluth, Georgia 30096**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of September, 2018.**

Clerk of State Court

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

SEP 06, 2018 05:03 PM

*Angie T. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

DAVID PEARSON, and
SANDRA PEARSON,

    Plaintiffs,

                           :

vs.

JOHN DOE,
DOLLAR GENERAL CORPORATION,
and WERNER ENTERPISES, INC.,

    Defendants.

CIVIL ACTION

FILE NO.: _____

JURY DEMAND

## COMPLAINT FOR DAMAGES

COMES NOW David Pearson and Sandra Pearson, Plaintiffs in the above styled action, by and through the undersigned counsel, Kenneth S. Nugent, P.C., and hereby files this, their Complaint (the "Complaint") against Defendants John Doe, Dollar General Corporation and Werner Enterprises, Inc., and shows this Honorable Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff David Pearson ("Plaintiff David") is a resident of the State of Georgia and is currently residing at 200 Gunters Mill Road, Byron, Georgia 31008. For purposes of the instant action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

2.

Plaintiff Sandra Pearson ("Plaintiff Sandra") is a resident of the State of Georgia and is currently residing at 200 Gunters Mill Road, Byron, Georgia 31008. For purposes of the instant action, Plaintiff subjects herself to the jurisdiction and venue of this Court.

3.

Defendant John Doe ("Defendant John Doe") is a fictitious party representing the driver of the vehicle causing the collision set out herein. This Defendant is served in order to preserve a claim against the insurer providing Uninsured Motorist coverage. Service may be perfected by serving a Summons and Complaint to State Farm Mutual Insurance Company via its Registered Agent, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Defendant John Doe is subject to the jurisdiction and venue of this Court.

5.

Defendant Dollar General Corporation ("Defendant Dollar General") is a corporation registered to do business in the State of Georgia and can be served with the Summons and Complaint through its registered agent Corporation Service Company, 192 Anderson Street, Suite 125, Marietta, Cobb County, Georgia 30060.

6.

Defendant Dollar General is subject to the jurisdiction and venue of this Court.

7.

Defendant Werner Enterprises, Inc. ("Defendant Werner") is a corporation registered to do business in the State of Georgia and can be served with the Summons and Complaint through its registered agent National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

8.

Defendant Werner is subject to the jurisdiction and venue of this Court.

[2]

## SUMMARY OF FACTS

9.

On or about April 28, 2018, Plaintiff David was the driver and Plaintiff Sandra was the passenger of a 2006 Honda motorcycle which was lawfully traveling northbound on I-75, approximately 2 miles south of mile marker 205 in Butts County, Georgia.

10.

At all times relevant hereto, the motorcycle on which the Plaintiffs were travelling was operated in a safe, reasonable, and prudent fashion.

11.

On or about April 28th, 2018, Defendant John Doe was allegedly the driver of a Werner Enterprises, Inc. semi-truck pulling a Dollar General semi-trailer, traveling northbound on I-75, approximately 2 miles south of mile marker 205 in Butts County, Georgia.

12.

On or about April 28th, 2018, Defendant Dollar General was the owner of the Dollar General semi-trailer allegedly attached to Defendant Werner's semi-truck.

13.

On or about April 28th, 2018, Defendant Werner was allegedly the owner of the semi-truck pulling Defendant Dollar General's semi-trailer, driven by Defendant John Doe.

14.

On or about April 28th, 2018, Defendant John Doe was engaged in a joint venture or enterprise for mutual gain in the operation of Defendant Werner's semi-truck and Defendant Dollar General's semi-trailer. On said date Defendant John Doe failed to maintain his lane when he drifted in the lane occupied by Plaintiffs. Suddenly and without warning Defendant John Doe

[3]

collided into the right side of Plaintiffs' motorcycle, causing extensive damage to the Plaintiffs' motorcycle and serious injuries to Plaintiffs. See accident report attached hereto as Exhibit "A".

15.

At said time and place, Defendant John Doe failed to act in the manner expected of a reasonable and prudent driver by failing to maintain his lane in violation of O.C.G.A. § 40-6-48, and for leaving the scene of an accident with injuries and damages, in violation of O.C.G.A. § 40-6-270, both of which constitute negligence per se, and said Defendant John Doe was otherwise negligent in the premise.

## COUNT I
## NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

16.

Plaintiffs re-incorporate and re-allege Paragraphs 1-15 of this complaint as fully set forth herein in their entirety.

17.

At said time and place, Defendant John Doe failed to act in the manner expected of a reasonable and prudent driver by failing to maintain his lane in violation of O.C.G.A. § 40-6-48, and for leaving the scene of an accident with injuries and damages, in violation of O.C.G.A. 40-6-270, both of which constitute negligence per se, and said Defendant John Doe was otherwise negligent in the premise.

18.

As a direct and proximate result of the collision, Plaintiff David sustained immediate and severe injuries to his head, shoulder, elbow, neck, back, and chest. As a direct and proximate result of the collision, Plaintiff Sandra sustained immediate and severe injuries to her chest, abdomen, pelvis, back, legs, feet, arms and hands.

[4]

19.

Defendant John Doe's negligent actions were the direct and proximate cause of the collision.

20.

The aforesaid collision was not the result of any negligence on the part of the Plaintiffs or any person other than Defendant John Doe, Defendant General Dollar, or Defendant Werner.

21.

As a result of the injuries Plaintiffs sustained in the collision, they have incurred significant physical and mental pain and suffering as well as extensive special damages, all of which will be itemized by appropriate amendment to these pleadings.

22.

Defendant John Doe is therefore liable to Plaintiffs for special and general damages in an amount to be proven by the evidence at trial.

## COUNT II
## JOINT AND SEVERAL LIABILITY OF DEFENDANT JOHN DOE
## AND DEFENDANT WERNER

23.

Plaintiffs re-incorporate and re-allege Paragraphs 1-22 of this complaint as fully set forth herein in their entirety.

24.

Defendant John Doe and Defendant Werner were, at the time and place of the subject accident, engaged in a joint venture or enterprise for mutual gain in the operation of the semi-truck, and said Defendants are therefore liable as joint venturers for the injuries and damages to Plaintiff.

[5]

25.

As a direct and proximate result of the collision, Plaintiff David sustained immediate and severe injuries to his head, shoulder, elbow, neck, back, head, and chest.  As a direct proximate result of the collision, Plaintiff Sandra sustained immediate and severe injuries to her chest, abdomen, pelvis, back, legs, feet, arms and hands.

26.

Defendant John Doe and Defendant Werner's negligent actions were the direct and proximate cause of the collision.

27.

As a result of the injuries Plaintiffs sustained in the collision, they incurred significant past, present, and future physical and mental pain and suffering as well as extensive special damages, all of which will be itemized by appropriate amendment to these pleadings.

28.

Defendant John Doe and Defendant Werner are therefore jointly and severally liable to Plaintiffs for special and general damages in an amount to be proven by evidence at trial.

**COUNT III**
**JOINT AND SEVERAL LIABILITY OF DEFENDANT JOHN DOE,**
**DEFENDANT WERNER, AND DEFENDANT DOLLAR GENERAL**

29.

Plaintiffs re-incorporate and re-allege Paragraphs 1-28 of this complaint as fully set forth herein in their entirety.

30.

Defendant John Doe, Defendant Werner, and Defendant Dollar General were, at the time and place of the subject accident, engaged in a joint venture or enterprise for mutual gain in the operation

[6]

of the trailer, and said Defendants are therefore liable as joint venturers for the injuries and damages to Plaintiff.

31.

As a direct and proximate result of the collision, Plaintiff David sustained immediate and severe injuries to his head, shoulder, elbow, neck, back, head, and chest.  As a direct proximate result of the collision, Plaintiff Sandra sustained immediate and severe injuries to her chest, abdomen, pelvis, back, legs, feet, arms and hands.

32.

Defendants' negligent actions were the direct and proximate cause of the collision.

33.

As a result of the injuries Plaintiffs sustained in the collision, they incurred significant past, present, and future physical and mental pain and suffering as well as extensive special damages, all of which will be itemized by appropriate amendment to these pleadings.

34.

Defendants are therefore jointly and severally liable to Plaintiffs for special and general damages in an amount to be proven by evidence at trial.

## COUNT IV
## NEGLIGENT HIRING, TRAINING AND SUPERVISION
## BY DEFENDANT WERNER

35.

Plaintiffs re-incorporate and re-allege Paragraphs 1-34 of this complaint as fully set forth herein in their entirety.

36.

Defendant Werner failed to act in a reasonable and prudent nature when they hired Defendant John Doe.

[7]

37.

Defendant Werner failed to act in a reasonable and prudent manner when they failed to properly train Defendant John Doe to safely operate the semi-truck he was driving at the time of the collision.

38.

Defendant Werner failed to act in a reasonable and prudent manner when they failed to supervise Defendant John Doe in his operation of the semi-truck he was driving at the time of the collision.

39.

As a direct and proximate result of the collision, Plaintiff David sustained immediate and severe injuries to his head, shoulder, elbow, neck, back, and chest.  As a direct proximate result of the collision, Plaintiff Sandra sustained immediate and severe injuries to her chest, back, legs, toes, arms and hands.

40.

Defendant Werner's negligent actions were the direct and proximate cause of the collision.

41.

As a result of the injuries Plaintiffs sustained in the collision, they have incurred significant physical and mental pain and suffering as well as extensive special damages, all of which will be itemized by appropriate amendment to these pleadings.

42.

Defendant John Doe, Defendant General Dollar, and Defendant Werner are therefore liable to Plaintiffs for special and general damages in an amount to be proven by the evidence at trial.

**WHEREFORE,** Plaintiffs, David Pearson and Sandra Pearson pray that they have a trial on all issues and judgment against Defendants John Doe, General Dollar Corporation and Werner Enterprises, Inc. as follows:

[8]

(a)    Judgment against the Defendants, and each of them, for general damages in an amount to be determined by the Court;

(b)    Judgment against the Defendants, and each of them, for special damages in an amount to be proven at trial;

(c)    Judgment against the Defendants, and each of them, for such other relief and further relief as this Court deems appropriate;

(d)    That Plaintiffs recover for their physical pain and suffering, and medical expenses;

(e)    That Plaintiffs recover such other and further relief as is just and proper;

(f)    That Plaintiffs recover for attorneys' fees and all other damages allowed under O.C.G.A. § 13-6-11; and

(d)    That all issues be tried before a jury.

Respectfully submitted this 6th day of September, 2018.

KENNETH S. NUGENT, P.C.

/s/ William G. Hammill
William G. Hammill
Georgia Bar No.: 943334
Dexter J. Youmans
Georgia Bar No.: 912317
Jan P. Cohen
Georgia Bar No.: 174337

Attorneys for Plaintiff

[9]

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:     (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

[10]

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**18-A-2380**

Date Rec'd by GDOT

SEP 06, 2018 05:03 PM

*Angel J. Laura*
Angel J. Laura, Clerk of Superior Court
Cobb County, Georgia

| Agency Case Number | Agency NCIC Number | **GEORGIA** | | County |
|---|---|---|---|---|
| C000560365-01 | GAGSP0000 | **MOTOR VEHICLE CRASH REPORT** | | BUTTS |

| Estimated Crash | | Dispatch | | Arrival | | Total Number of | | |
|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Vehicles | Injuries | Fatalities |
| 04/28/18 | 13:30 | 04/28/18 | 13:34 | 04/28/18 | 13:57 | 2 | 2 | 0 |

| Road of Occurrence | I-75N | | At Its Intersection With | | |
|---|---|---|---|---|---|

Not At Its Intersection But  2  ☒Miles ☐North ☐East  Of  MM 205
☐Feet ☐South ☐West

☐ Corrected Report

Latitude (Y)  33.23271  Longitude (X)  -84.07984
(Format)  00.00000  (Format)  -00.00000

☒ Hit And Run?

| Unit # | ☒ Driver ☐ Ped ☐ Bike | LAST NAME | FIRST | MIDDLE | Unit # | ☒ Driver ☐ Ped ☐ Bike | LAST NAME | FIRST | MIDDLE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | UNK | UNK | UNK | 2 | | PEARSON | DAVID | LESTER |
| | ☐ Susp At Fault | Address UNK UNK | | | | ☐ Susp At Fault | Address 200 GUNTERS MILL RD | | |

| City | State | Zip | DOB | City | State | Zip | DOB |
|---|---|---|---|---|---|---|---|
| GRIFFIN | GA | 00000 | 04/28/2018 | BYRON | GA | 31008 | 08/24/1982 |

| Driver's License No. | Class | State | Country | Driver's License No. | Class | State | Country |
|---|---|---|---|---|---|---|---|
| 00000000000 | A | GA | UNITED STATES | 049300774 | BM | GA | UNITED STATES |

| Insurance Co. | Policy No. | Telephone No. | Insurance Co. | Policy No. | Telephone No. |
|---|---|---|---|---|---|
| DOLLAR GENERAL | 0000000000 | | STATE FARM | 1128685787 | 478-960-7097 |

| Year | Make | Model | Year | Make | Model |
|---|---|---|---|---|---|
| UNK | UNK | UNK | 2006 | HONDA | MC |

| VIN | Vehicle Color | VIN | Vehicle Color |
|---|---|---|---|
| 0000000000000 | WHI | 1HFSC52696A307027 | RED |

| Tag # | State | County | Year | Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|
| UNK | GA | BUTTS | 2018 | WMT143 | GA | CRAWFORD | 2018 |

| Trailer Tag # | State | County | Year | Trailer Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|
| UNK | GA | LINK | 2018 | | | | |

| ☐ Same as Driver | Owner's Last Name | First | Middle | ☒ Same as Driver | Owner's Last Name | First | Middle |
|---|---|---|---|---|---|---|---|
| | DOLLAR GENERAL | | | | PEARSON | DAVID | LESTER |

| Address | | | Address | | |
|---|---|---|---|---|---|
| 200 JACKSON RD | | | 200 GUNTERS MILL RD | | |

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| JACKSON | GA | 30233 | BYRON | GA | 31008-8722 |

| Removed By: | ☐ Request List | Removed By: COOKS WRECKER SERVICE | ☒ Request List |
|---|---|---|---|

| Alco Test: 2 | Type: | Results: | Drug Test: 2 | Type: | Results: | Alco Test: 2 | Type: | Results: | Drug Test: 2 | Type: | Results: |
|---|---|---|---|---|---|---|---|---|---|---|---|

| First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 2 | First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: |
|---|---|---|---|---|---|

| Operator Contributing Factors:  11 | 1 | 1 | 1 | Operator Contributing Factors: 1 | 1 | 1 | |
|---|---|---|---|---|---|---|---|

| Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 | Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 |
|---|---|---|---|

| Direction of Travel: | 1 | Vehicle Maneuver: | 6 | Non-Motor Maneuver: | Direction of Travel: | 1 | Vehicle Maneuver: | 3 | Non-Motor Maneuver: |
|---|---|---|---|---|---|---|---|---|---|
| Vehicle Class: | 7 | Vehicle Type: | 4 | Vision Obscured: 1 | Vehicle Class: | 1 | Vehicle Type: | 17 | Vision Obscured: 1 |
| Number of Occupants: | 1 | Area of Initial Contact: 10 | | Damage to Veh: 1 | Number of Occupants: | 2 | Area of Initial Contact: 3 | | Damage to Veh: 3 |
| Traffic-Way Flow: | 3 | Road Comp: | 2 | Road Character: 3 | Traffic-Way Flow: | 3 | Road Comp: | 2 | Road Character: 3 |
| Number of Lanes: | 3 | Posted Speed: | 70 | Work Zone: 0 | Number of Lanes: | 3 | Posted Speed: | 70 | Work Zone: 0 |

| Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No | Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No |
|---|---|---|---|

Citation Information:
| Citation # | O.C.G.A. § | Citation # | O.C.G.A. § |
|---|---|---|---|
| Citation # | O.C.G.A. § | Citation # | O.C.G.A. § |
| Citation # | O.C.G.A. § | Citation # | O.C.G.A. § |

| **COMMERCIAL MOTOR VEHICLES ONLY** | **COMMERCIAL MOTOR VEHICLES ONLY** |
|---|---|

| Carrier Name: DOLLAR GENERAL | Carrier Name: |
|---|---|

| Address 200 JACKSON RD | City JACKSON | State GA | Zip 30233 | Address | City | State | Zip |
|---|---|---|---|---|---|---|---|

| U.S. D.O.T. # UNK | No. of Axles 4 | G.V.W.R. 03 | U.S. D.O.T. # | No. of Axles | G.V.W.R. |
|---|---|---|---|---|---|

| Cargo Body Type 1 | Vehicle Config. 6 | ☐ Interstate ☒ Intrastate | Fed. Reportable ☐Yes ☒ No | Cargo Body Type | Vehicle Config. | ☐ Interstate ☐ Intrastate | Fed. Reportable ☐Yes ☐ No |
|---|---|---|---|---|---|---|---|

| C.D.L.? | ☐ Yes ☒ No | C.D.L. Suspended? | ☐ Yes ☐ No | C.D.L.? | ☐ Yes ☐ No | C.D.L. Suspended? | ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|

| Vehicle Placarded? ☐ Yes ☒ No | Hazardous Materials? ☐ Yes ☒ No | Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No |
|---|---|---|---|

| Haz Mat Released? ☐ Yes ☒ No | Haz Mat Released? ☐ Yes ☐ No |
|---|---|

If YES:  Name or four Digit Number from Diamond or Box: _____
One Digit Number from Bottom of Diamond: _____

If YES:  Name or four Digit Number from Diamond or Box: _____
One Digit Number from Bottom of Diamond: _____

☐Ran Off Road ☐Down Hill Runaway☐ Cargo Loss or Shift ☐Separation of Units   ☐Ran Off Road☐Down Hill Runaway☐ Cargo Loss or Shift ☐Separation of Units

GDOT-523 (07/17)



EXHIBIT
A

Page 2 of 3

## COLLISION FIELDS

| Manner of Collision: | 4 | Location at Area of Impact: | 1 | Weather: | 1 | Surface Condition: | 1 | Light Condition: | 1 |
|---|---|---|---|---|---|---|---|---|---|

## NARRATIVE

Vehicle #1 was traveling north in the third lane from the barrier wall on I-75. Vehicle #2 was traveling north in the second lane from the barrier wall on I-75. Vehicle #1 merged into Vehicle #2 lane of travel. Vehicle #1 struck the right side of vehicle #2 with its left side. All areas of impact occurred in the second lane from the barrier wall on I-75 according to the driver and passenger of vehicle #2 and witnesses. Vehicle #1 fled the scene.

Driver and passenger of vehicle #2 and witnesses stated that vehicle #1 was a Dollar General semi truck.

This crash investigation was Audio/Video recorded on patrol car 5335B.

## DIAGRAM

INDICATE NORTH

## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle | Owner |
|---|---|

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|
| GUNTER, ASHLEY | 12116 MADISON DR | ATLANTA | GA | 30346 | 912-432-6576 |
| MARTIN, LASHAWN | 25 THURMOND WAY UNIT 3693 | BLUFFTON | SC | 299109251 | 843-592-4744 |
| BUSH, ALTHEIA | 47 PINCKNEY COLONY RD | BLUFFTON | SC | 299094100 | 843-227-0277 |

## OCCUPANT INFORMATION

| 1 | Name (Last, First): UNK, UNK | | | | | Address: UNK UNK GRIFFIN, GA 00000 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age: 0 | Sex: U | Unit #: 1 | Position: 1 | Safety Eq: 8 | Ejected: 1 | Extricated: 2 | Air Bag: 2 | Injury: 0 | Taken for Treament: 2 |
| | Injury Taken To: | | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | |

| 2 | Name (Last, First): PEARSON, DAVID | | | | | Address: 200 GUNTERS MILL RD BYRON, GA 31008 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age: 55 | Sex: M | Unit #: 2 | Position: 2 | Safety Eq: 6 | Ejected: 3 | Extricated: 2 | Air Bag: 0 | Injury: 2 | Taken for Treament: 1 |
| | Injury Taken To: ATLANTA MEDICAL CTR | | By: BUTTS COUNTY EMS | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | |

| 3 | Name (Last, First): PEARSON, SANDRA | | | | | Address: 981 ROUNDTABLE LN MACON, GA 31220 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age: 50 | Sex: F | Unit #: 2 | Position: 5 | Safety Eq: 6 | Ejected: 3 | Extricated: 2 | Air Bag: 2 | Injury: 2 | Taken for Treament: 1 |
| | Injury Taken To: ATLANTA MEDICAL CTR | | By: LIFE LINE | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | |

## ADMINISTRATIVE

| Photos Taken: ☐ Yes ☒ No | By: | | Official Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reportin Unit via either email at GeorgiaFARS@dot.ga.gov or Fax at (404)635-2963. |
|---|---|---|---|
| Report By: BYRD, B. #0733 | Agency: GSPD\POST 1 | Report Date: 04/28/18 | Checked By: SEARCY, KELVIN JEROD #0399 | Date Checked: 04/28/18 |

**ADDITIONAL or FULL PAGE DIAGRAM**





GDOT-523 SUPP (07/17)

## SHERIFF'S ENTRY OF SERVICE

SERVE

Civil Action No. _____ 18-A-2380 -3_____

Date Filed _____

| | Superior Court | ☐ | Magistrate Court | ☐ |
|---|---|---|---|---|
| | State Court | ☒ | Probate Court | ☐ |
| | Juvenile Court | ☐ | | |

Georgia, _____ **COBB** _____ COUNTY

Attorney's Address    **Will Hammill
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, Georgia 30096**

PEARSON, DAVID; PEARSON, SANDRA
_____

_____
Plaintiff

VS.
DOE, JOHN; DOLLAR GENERAL CORP c/o Corporation
_____

Name and Address of Party to be Served.
**DOLLAR GENERAL CORP c/o Corporation Service, RA**

_192 Anderson Street, Suite 125_

_Marietta, Georgia 30060_

Service, RA; WERNER ENTERPRISES, INC., c/o Nat'l
_____
Defendant

_____

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant Dollar General Corp _____ a corporation
by leaving a copy of the within action and summons with CISC OF COBB COUNTY INC.
in charge of the office and place of doing business of said Corporation in the County. C/O: Tom Thompson

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _12_ day of _September_, 20_18_____

Lt Padgett 15
Deputy
Cobb CICSO. 9091

Defendants copy

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

DAVID PEARSON, and      :
SANDRA PEARSON,       :
              :
    Plaintiffs,       :
              :   CIVIL ACTION
vs.             :
              :   FILE NO.: 18-A-2380
JOHN DOE,         :
DOLLAR GENERAL CORPORATION,  :
and WERNER ENTERPRISES, INC.,   :
              :
    Defendants.       :
              :

### PLAINTIFF DAVID PEARSON'S RESPONSES TO DEFENDANT DOLLAR GENERAL CORPORATION'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

    COMES NOW, David Pearson ("Plaintiff") in the above-captioned action, and herewith respond to Defendant Dollar General Corporation's First Interrogatories, and Request for Production of Documents, as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

#### (1)

    The Plaintiff objects to each and every interrogatory to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that he has not been able to take depositions in this action or otherwise complete his investigation of the same, and, therefore, any response to Defendant's interrogatories which calls for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" interrogatories need not be answered until after the completion of discovery or some later time.

(2)

The Plaintiff objects to each and every interrogatory to the extent that it would require the Plaintiff to respond by disclosing his attorney's or any other of their representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product or the like, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

(3)

The Plaintiff objects to each and every interrogatory to the extent that it, whether standing alone, or taken in conjunction with any and all other interrogatories, is calculated, or would operate, to annoy, embarrass, oppress, unduly burden, or unduly cause expense to the Plaintiff or would be unduly vexatious or unduly burdensome to respond to, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "undue burden").

(4)

The Plaintiff objects to each and every interrogatory to the extent that it requires the Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "irrelevancy").

(5)

The Plaintiff objects to each and every interrogatory to the extent that it would require Plaintiff to respond by waiving their attorney client privilege, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "privilege").

(6)

Plaintiff objects to the preface to the interrogatories propounded by Defendant and the definitions and instructions included therein to the extent that such preface or definitions impose or seek to impose requirements which are in excess of or inconsistent with the requirements of the Georgia Civil Practice Act.

(7)

Without waiving or prejudicing his right to assert these general objections or any other objections which may be set forth herein, and in a good faith effort to provide the information available to the Plaintiff at this stage of the discovery and the investigative process in this litigation, the Plaintiff will provide responsive and non-objectionable information now available to him with regard to certain of the interrogatories.

(8)

Insofar as any of the Defendant's interrogatories seek information to which the foregoing General Objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to any interrogatory.

(9)

Plaintiff specifically reserves the right to supplement, amend, add to, or delete any portion of these Responses based on information that may be developed during the course of discovery proceedings in this case.

## INTERROGATORIES

1.

What is your full name, date of birth, present address, and social security number?

**RESPONSE:**

**David Lester Pearson, 08/24/1962, 200 Gunthers Mill Road, Byron, Georgia 31008. Plaintiff objects to providing his social security number. Plaintiff is willing to provide this information to counsel at the time of his deposition so long as the social security number is not a part of the record.**

2.

State the full name of your spouse, if any, at the time of the incident giving rise to this lawsuit, your spouse at the present time, and give the name and ages of all of your children.

**RESPONSE:**

**Plaintiff is currently married to Sandra Pearson and was married to her at the time of the subject incident. Plaintiff has one son and one daughter, Michael Lawrence, age 29 and Heather Lynn Pearson, age 22.**

3.

State specifically and in reasonable detail how the occurrence which is the basis of your lawsuit in this matter happened.

**RESPONSE:**

**Plaintiff objects to this interrogatory to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that he has not been able to take depositions in this action or otherwise complete his investigation of the same, and, therefore, any response to Defendant's interrogatories which calls for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" interrogatories need not be answered until after the completion of discovery or some later time.**

**Subject to the foregoing objection and without waiving same, Plaintiff refers Defendant to the accident report attached to Plaintiff's Responses to Defendant's Requests**

for Production of Documents to Plaintiff.

4.

Please identify all persons that to you or your representatives' knowledge, information or belief:

(a)   Were eyewitnesses to the incident giving rise to this lawsuit;

(b)   Have relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in sub-part (a).

*RESPONSE:*

**Plaintiff objects to answering this interrogatory at the present time for the reason that it calls for opinions or contentions that relate to facts or the application of law to fact, and Plaintiff shows that any response to this interrogatory at the present time would be premature.   Accordingly, Plaintiff hereby moves the Court for an order that this interrogatory need not be answered until after the completion of discovery or some later time. Subject to the foregoing objection and without waiving same, Plaintiff states that Ashley Gunter, LaShawn Martin and Altheia Bush, were eye-witnesses to the incident and their contact information is included in the attached accident report.  The police officer at the scene, Plaintiff's attorneys, adjusters and representatives employed with State Farm Mutual Automobile Insurance Company, medical providers, and opposing counsel all have knowledge of the facts.**

5.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit.

*RESPONSE:*

**Plaintiff objects to answering this interrogatory at the present time for the reason that it calls for opinions or contentions that relate to facts or the application of law to fact, and Plaintiff shows that any response to this interrogatory at the present time would be premature.   Accordingly, Plaintiff hereby moves the Court for an order that this interrogatory need not be answered until after the completion of discovery or some later**

time. Subject to the foregoing objection and without waiving same, Plaintiff states that Ashley Gunter, LaShawn Martin and Altheia Bush, were eye-witnesses to the incident and their contact information is included in the attached accident report.  The police officer at the scene, Plaintiff's attorneys, adjusters and representatives employed with State Farm Mutual Automobile Insurance Company, medical providers, and opposing counsel all have knowledge of the facts.

6.

Identify all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

**RESPONSE:**

**See Response to Interrogatory No. 5, above.**

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, any other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

**RESPONSE:**

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome.  Subject to the foregoing objection and without waiving same, Plaintiff has photographs of his injuries and motorcycle.  The dates of the photographs taken are unknown but were taken shortly after the accident.  Plaintiff refers Defendant to the accident report attached to Plaintiff's Responses to Defendant's Requests for Production of Documents to Plaintiff.**

8.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.

*RESPONSE:*

Plaintiff objects to this Interrogatory to the extent it seeks information that is subject to attorney/client privilege or is a part of this Plaintiff's attorney's work product. Subject to said objection and without waiving same, Plaintiff has not determined if an expert will be used. Should an expert be identified as a witness at trial, Plaintiff will amend this response as required under the Georgia Civil Practice Act.

Additionally, Plaintiff may call some or all of the providers named in the medical records being provided. Plaintiff will supplement this response as to these or any other experts when they are identified. Other than treating physicians, experts for use at trial have not been retained at the time. Further, Plaintiff has not yet decided which evidence will be introduced at trial, but will supplement this response in accordance with the Civil Practice Act and/or any Court Order.

9.

Please state whether you have ever been convicted of, or plead guilty to, any felony or crime involving moral turpitude. If the answer is affirmative, please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

*RESPONSE:*

Plaintiff objects to this Interrogatory on the grounds that the information sought is beyond the scope of discovery, it is not relevant, and it is not reasonably calculated to lead to the discovery of admissible evidence. Georgia law is clear that only admissible convictions are for those felonies and misdemeanors involving moral turpitude. Subject to the foregoing objection and without waiving same, Plaintiff states that he was arrested for domestic violence while going through a divorce.

10.

During the twenty-four hour period prior to the occurrence giving rise to this lawsuit, did you consume any alcoholic beverages, medicine or drugs of any kind? If the answer is affirmative, please state precisely the type of alcoholic beverage, medicine or drug consumed, the amount consumed, the time(s) at which it was consumed and the name, address and

telephone number of all persons who have relevant knowledge about your consumption of the substances.

*RESPONSE:*
No.

11.

With respect to all insurance benefits available to you for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor or other practitioner of the healing arts as a result of the incident that is the subject of this litigation, (e.g. health insurance, worker's compensation, medical payments policies, etc.) please state:

(a)     the name and address of the provider of benefits;

(b)     the amount of the payments by each provider;

(c)     the person or entity to whom the payments were made; and

(d)     the claim number, policy number or applicable reference number with regard to each payment.

*RESPONSE:*

**Plaintiffs object to this Interrogatory on the grounds that it seeks to discover information which is neither admissible at the trail, reasonably calculated to lead to the discovery of admissible evidence. See <u>Denton vs. Con-way Express, Inc.,</u> 261 Ga. 41, 402 S.E.2d 269 (1991).  Subject to the foregoing objection and without waiving same, at this time, Plaintiff is unaware of any third party payments by any insurers.  Plaintiff will supplement this response as he receives additional information.**

12.

If you have ever filed a workers' compensation claim, please provide the following:

(a)     the name and address of the provider of benefits;

(b)     the amount of the payments by each provider;

(c)     the person or entity to whom the payments were made; and

(d)     the claim number, policy number or applicable reference number with regard to each payment.

*RESPONSE:*
**None.**

13.

If you were eligible for or did receive any benefits from any governmental entity, such as Medicare or Medicaid, etc., as a result of the incident that is the subject of this litigation, please state:

(a)     the name and address of the provider of benefits;

(b)     the amount of the payments by each provider;

(c)     the person or entity to whom the payments were made and

(d)     the claim number, policy number or applicable reference number with regard to each payment.

*RESPONSE:*
**Plaintiff is not entitled to Medicaid or Medicare benefits.**

14.

Please identify all accidents, occurrences or incidents in which you received personal or bodily injuries prior to the occurrence giving rise to this lawsuit and describe the bodily or personal injuries which you received.

*RESPONSE:*
**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome.  Subject to the foregoing objection and without waiving same, in the spring of 2018, Plaintiff rear-ended a vehicle in the City of Atlanta with no injuries.**

15.

Please identify all accidents, occurrences or incidents in which you received personal or bodily injuries subsequent to the occurrence giving rise to this lawsuit and describe the bodily or personal injuries which you received.

**RESPONSE:**

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome.  Subject to the foregoing objection and without waiving same, in the spring of 2018, Plaintiff rear-ended a vehicle in the City of Atlanta with no injuries.**

16.

Please identify and explain in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit and indicate what injuries you are, at present, suffering from and the manner and extent of your current suffering.

**RESPONSE:**

**Plaintiff sustained injuries to his head, shoulder, elbow, neck, back, and chest.**

17.

Please identify any prior or subsequent injuries, diseases or difficulties in the areas of the body which you claim were injured in the occurrence which is the subject of this lawsuit, give the inclusive dates on which you were suffering or in pain, and give the names and addresses of all practitioners of the healing arts who have treated you for such injury, disease or difficulty.

**RESPONSE:**

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome.   Subject to the foregoing objection and without waiving same, Plaintiff states that in 1985, while he was in the Army, he was in the hospital for cellulitis in his left ankle and had fully recovered.**

18.

State the names and addresses of all doctors, osteopaths, psychiatrists, psychologists, chiropractors and other practitioners of the healing arts who have treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment of you.

*RESPONSE:*

**Butts County EMS**
**625 West Third Street**
**Suite 14**
**Jackson, GA  30233**
**04/28/2018 – 04/28/2018**

**Wellstar Atlanta Medical Center**
**303 Parkway Drive, N.E.**
**Atlanta, GA  30312**
**04/28/2018 – 05/01/2018**

**MedCross Imaging (Healthcare Funding Experts)**
**8101 East Prentice Avenue**
**Suite 1100**
**Greenwood Village, CO  80111**
**06/11/2018 – 06/11/2018**

**South Fulton Emergency Physician**
**P.O. Box 22084**
**Belfast, ME  04915**
**04/28/2018 – 04/28/2018**

**Polaris Spine & Neurology Center**
**1150 Hammond Drive**
**Suite E-400**
**Atlanta, GA  30328**

**Dominion Orthopaedic Clinic**
**5555 Peachtree Dunwoody Road**
**Suite 215**
**Atlanta, GA 30342**

Plaintiff reserves the right to supplement his response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).

19.

Give the names and addresses of all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:

(a)     For any treatment after the incident giving rise to this lawsuit;

(b)     For any treatment at any time to any area of the body in which you claim injury from this incident.

*RESPONSE:*

**Please see response to Interrogatory No. 18, above.  In addition, Plaintiff states he was in the hospital for four days due to the subject accident at Wellstar Atlanta Medical Center, 303 Parkway Drive, N.E., Atlanta, GA  30312 from 04/28/2018 – 05/01/2018.**

20.

Please itemize all special damages which you claim to have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same).

*RESPONSE:*

| | |
|---|---|
| **Butts County EMS** | **TBD** |
| **Wellstar Atlanta Medical Center** | **$56,855.54** |
| **South Fulton Emergency Physician** | **$ 1,400.00** |
| **Dominion Orthopaedic Clinic** | **TBD** |
| **MedCross Imaging** | **TBD** |
| **Polaris Spine & Neurology Center** | **TBD** |

**Plaintiff reserves the right to supplement his response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).**

21.

For any lost wage or salary claim that you make, please state the name, address and phone number of your employer at the time of the occurrence, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

**RESPONSE:**

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome.  Subject to the foregoing objection and without waiving same, Plaintiff states he is back to working full-time and has attached his wage loss documentation to his responses to Defendant's Request for Production of Documents.**

22.

If you were given any traffic citations as a result of the accident giving rise to this lawsuit, please state what the traffic citation(s) were, how you pled to the citation and how the citation was ultimately resolved.

**RESPONSE:**

**Plaintiff states was not given a traffic citation.**

23.

Please provide all of the addresses at which you have lived over the past ten (10) years.

**RESPONSE:**

**200 Gunters Mill Road**
**Byron, GA 31008**
**2 ½ years**

**981 Roundtable Lane**
**Macon, GA 31220**
**18 months**

**735 Winchester Circle**
**Macon, GA 31210**
**18 months**

6045 Woodstone Court
Lizella, GA 31052
22 years

24.

Have you, or has someone on your behalf, made any assignment to any physician, health care facility, chiropractor, physical therapist or other provider of the healing arts?

*RESPONSE:*

**Injury Finance funded some of Plaintiff's treatment with Polaris Spine. Plaintiff will supplement this response.**

25.

Please list all medical bills incurred for treatment that you contend was caused by the incident at issue in your Complaint that have not been fully paid.

*RESPONSE:*

| | |
|---|---|
| **Butts County EMS** | **TBD** |
| **Wellstar Atlanta Medical Center** | **$56,855.54** |
| **South Fulton Emergency Physician** | **$ 1,400.00** |
| **Dominion Orthopaedic Clinic** | **TBD** |
| **MedCross Imaging** | **TBD** |
| **Polaris Spine & Neurology Center** | **TBD** |

**Plaintiff reserves the right to supplement his response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).**

26.

Please identify all persons or organizations which paid all or some of your medical bills incurred as a result of the incident at issue in your Complaint.

*RESPONSE:*

**Plaintiff is not certain of the status of payments, but believes that Injury Finance did fund some of the treatment with Polaris Spine.**

27.

Please identify every cell phone or other mobile communications device that was in Plaintiff's vehicle at the time of the collision complained of in Plaintiffs' Complaint, including the following for each device:

a. Phone number;

b. Service provider;

c. Name and address of account holder;

d. Exact location within the vehicle at the time of the collision; and

e. Whether Plaintiff was using the device in any way in the 5 minutes leading up to the collision;

f. If the answer to subpart e. is yes, then specify how the device was being used and with whom you were communicating.

**RESPONSE:**

**Plaintiff objects to answering this Interrogatory at the present time for the reason that the information sought by the Defendant is irrelevant to the personal injuries complained of in this action.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

All doctors' bills, hospital bills, drug bills, and other documents relating to medical expenses incurred in connection with injuries allegedly received in the occurrence giving rise to your complaint in this civil action.

**RESPONSE:**

**Plaintiff has attached all documents in his possession responsive to this request.**

2.

All documents that evidence or relate to any lost wages or earnings claim or other special damages which you claim in this lawsuit.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

3.

All medical reports, hospital records, letters, office notes or other documents prepared by any physician, or other practitioner of the healing arts who treated you for injuries allegedly received in this occurrence in your possession or the possession of your attorney.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

4.

Your state and federal income tax returns for the past five (5) years. (If you do not have them, please execute IRS Tax Form 4506 and return it to Swift, Currie, McGhee & Hiers, LLP).

*RESPONSE:*

**Plaintiff's counsel has requested this information. Plaintiff reserves the right to supplement his response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).**

5.

All photos of any person, place or thing related to this occurrence.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

6.

Any statement (written, recorded, etc.) made by any Defendant or Defendant's current or former employees, agents or representatives.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

7.

All statements (written, recorded, etc.) from any other person concerning this occurrence, or the damages claimed in this lawsuit.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

8.

Claim forms, pleadings, depositions, releases, and all medical reports in your possession regarding all workers' compensation claims and disability claims that you have made at any time.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

9.

All documents relating to compensation, indemnity insurance, wage loss replacement, income replacement, disability benefits, or medical coverage and payments available to Plaintiff from any and all governmental or private sources in connection with the occurrence.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

10.

All documentary evidence relied upon to demonstrate and support facts relevant to this litigation.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

11.

All industry, governmental and private standards, guidelines or recommendations that Plaintiff E contends Defendant did not follow or adhere to.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

12.

All government statues, ordinances, regulations or other laws that Plaintiff contends Defendant did not follow or adhere to.

*RESPONSE:*

**Plaintiff states that Defendant John Doe failed to maintain his lane, in violation of O.C.G.A. § 40-6-48 and for leaving the scene of an accident with injuries and damages, in violation of O.C.G.A. § 40-6-270.**

13.

All documents relating to the investigation of the incident giving rise to this lawsuit by any government representatives (police, fire department, OSHA, etc.) union, employer or other organization.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

14.

All field notes, sketches, diagrams, letters, memos, reports, photos, and documents of any type related to the incident giving rise to this lawsuit and the damages claimed in this lawsuit that have been generated by or for any expert consulted in this case.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

15.

All documents that contain information, whether hearsay or personal, as to the cause or nature of the incident giving rise to this litigation that have not already been requested.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

16.

All documents that support or relate to any contention that an act or omission of this Defendant caused or contributed to this incident.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

17.

All subrogation agreements, all notices of claimed subrogation rights by others, assignments of claims to others, hospital liens, and other material related to any subrogation, assignment or lien claim related to this lawsuit.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

18.

A copy of a current CV and all statements for services rendered to date by any expert retained to testify in this case.

*RESPONSE:*

**Plaintiff is not in possession of any documentation responsive to this request.**

19.

All materials which constitute evidence reasonably relied upon by experts which supports your contentions regarding liability.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

20.

Any memos, reports, letter or other documents generated by Defendant (or any of their owners or representatives) or sent to Defendant (or any of their owners or representatives) concerning the incident giving rise to this suit.

**RESPONSE:**

**Plaintiff is not in possession of any documentation responsive to this request.**

21.

All documents identified in your responses to Defendant Dollar General Corporation's First Interrogatories to you, served contemporaneously herewith.

**RESPONSE:**

**Plaintiff has attached all documents in his possession responsive to this request.**

22.

All medical bills which have not been fully paid.

**RESPONSE:**

**Plaintiff has attached all documents in his possession responsive to this request.**

23.

Please produce itemized billing and usage records for the date of the collision at issue for every cell phone or other mobile communications device identified in response to Interrogatory No. 27.

**RESPONSE:**

**Plaintiff is not in possession of any documentation responsive to this request.**

This _28th_ day of _Deeurbe_, 2018.

KENNETH S. NUGENT, P.C.

_____
William G. Hammill
Georgia Bar No.:  943334
Dexter J. Youmans
Georgia Bar No.:  912317
Jan P. Cohen
Georgia Bar No.:  174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:     (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

DAVID PEARSON, and        :
SANDRA PEARSON,         :
       :
    Plaintiffs,        :
       :     CIVIL ACTION
vs.        :
       :     FILE NO.: 18-A-2380
JOHN DOE,        :
DOLLAR GENERAL CORPORATION,        :
and WERNER ENTERPRISES, INC.,        :
       :
    Defendants.        :
       :

## **CERTIFICATE OF SERVICE**

    This is to certify that counsel of record in the foregoing matter has been served with a copy of ***Plaintiff David Pearson's Responses to Defendant Dollar General Corporation's First Interrogatories and First Request for Production of Documents*** by depositing same in the United States Mail with sufficient postage affixed thereto to ensure delivery addressed to:

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, N.E., Suite 300
Atlanta, GA 30309

*Attorney for Defendant Dollar General Corporation*

and

Stephanie V. Chavies
Lynn Leonard & Associates
2400 Century Parkway, Suite 200
Atlanta, GA 30345

*Attorney for State Farm Mutual Automobile Insurance Company*

and

Scott H. Moulton
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, GA  30303

*Attorney for Defendant Werner Enterprises, Inc.*

Respectfully submitted this 28th day of _____, 2018.

KENNETH S. NUGENT, P.C.

William G. Hammill
Georgia Bar No.:  943334
Dexter J. Youmans
Georgia Bar No.:  912317
Jan P. Cohen
Georgia Bar No.:  174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:     (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

DAVID PEARSON, and       :
SANDRA PEARSON,       :
      :
    Plaintiffs,       :
      :    CIVIL ACTION
vs.       :
      :    FILE NO.: 18-A-2380
JOHN DOE,       :
DOLLAR GENERAL CORPORATION,       :
and WERNER ENTERPRISES, INC.,       :
      :
    Defendants.       :

## PLAINTIFFS' RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

Comes now Plaintiffs in the above-styled case, and pursuant to Superior and State Court Uniform Rule 5.2, notifies the Court that Plaintiffs served a copy of ***Plaintiffs' Responses to Defendant Dollar General Corporation's First Interrogatories and First Request for Production of Documents to Plaintiffs*** upon all parties concerned by mailing a true copy thereof to each counsel of record and depositing same in the United States Mail with sufficient postage thereon to ensure proper delivery as follows:

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, N.E., Suite 300
Atlanta, GA  30309

*Attorney for Defendant Dollar General Corporation*

Stephanie V. Chavies
Lynn Leonard & Associates
2400 Century Parkway, Suite 200
Atlanta, GA 30345

*Attorney for State Farm Mutual Automobile Insurance Company*

and

Scott H. Moulton
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, GA  30303

*Attorney for Defendant Werner Enterprises, Inc.*

Respectfully submitted this 28th day of December, 2018.

KENNETH S. NUGENT, P.C.

/s/ William G. Hammill
William G. Hammill
Georgia Bar No.:  943334
Dexter J. Youmans
Georgia Bar No.:  912317
Jan P. Cohen
Georgia Bar No.:  174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:      (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

DAVID PEARSON, and            :
SANDRA PEARSON,               :
                              :
        Plaintiffs,           :
                              :        CIVIL ACTION
vs.                           :
                              :        FILE NO.: 18-A-2380
JOHN DOE,                     :
DOLLAR GENERAL CORPORATION,   :
and WERNER ENTERPRISES, INC., :
                              :
        Defendants.           :
                              :

**PLAINTIFF SANDRA PEARSON'S RESPONSES TO
DEFENDANT DOLLAR GENERAL CORPORATION'S FIRST
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, Sandra Pearson ("Plaintiff") in the above-captioned action, and herewith respond to Defendant Dollar General Corporation's First Interrogatories, and Request for Production of Documents, as follows:

**GENERAL OBJECTIONS AND QUALIFICATIONS**

(1)

The Plaintiff objects to each and every interrogatory to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that she has not been able to take depositions in this action or otherwise complete her investigation of the same, and, therefore, any response to Defendant's interrogatories which calls for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" interrogatories need not be answered until after the completion of discovery or some later time.

(2)

The Plaintiff objects to each and every interrogatory to the extent that it would require the Plaintiff to respond by disclosing her attorney's or any other of their representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product or the like, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

(3)

The Plaintiff objects to each and every interrogatory to the extent that it, whether standing alone, or taken in conjunction with any and all other interrogatories, is calculated, or would operate, to annoy, embarrass, oppress, unduly burden, or unduly cause expense to the Plaintiff or would be unduly vexatious or unduly burdensome to respond to, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "undue burden").

(4)

The Plaintiff objects to each and every interrogatory to the extent that it requires the Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "irrelevancy").

(5)

The Plaintiff objects to each and every interrogatory to the extent that it would require Plaintiff to respond by waiving her attorney client privilege, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "privilege").

(6)

Plaintiff objects to the preface to the interrogatories propounded by Defendant and the definitions and instructions included therein to the extent that such preface or definitions impose or seek to impose requirements which are in excess of or inconsistent with the requirements of the Georgia Civil Practice Act.

(7)

Without waiving or prejudicing her right to assert these general objections or any other objections which may be set forth herein, and in a good faith effort to provide the information available to the Plaintiff at this stage of the discovery and the investigative process in this litigation, the Plaintiff will provide responsive and non-objectionable information now available to her with regard to certain of the interrogatories.

(8)

Insofar as any of the Defendant's interrogatories seek information to which the foregoing General Objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to any interrogatory.

(9)

Plaintiff specifically reserves the right to supplement, amend, add to, or delete any portion of these Responses based on information that may be developed during the course of discovery proceedings in this case.

## INTERROGATORIES

1.

What is your full name, date of birth, present address, and social security number?

*RESPONSE:*

Sandra Kay Poag Pearson, 10/11/1967, 200 Gunthers Mill Road, Byron, Georgia 31008.  Plaintiff objects to providing her social security number.  Plaintiff is willing to provide this information to counsel at the time of her deposition so long as the social security number is not a part of the record.

2.

State the full name of your spouse, if any, at the time of the incident giving rise to this lawsuit, your spouse at the present time, and give the name and ages of all of your children.

*RESPONSE:*

Plaintiff is married to David Lester Pearson and was married to him at the time of the subject incident.  Plaintiff has one son and one daughter, Michael Lawrence, age 29 and Heather Lynn Pearson, age 22.

3.

State specifically and in reasonable detail how the occurrence which is the basis of your lawsuit in this matter happened.

*RESPONSE:*

Plaintiff objects to this interrogatory to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that she has not been able to take depositions in this action or otherwise complete her investigation of the same, and, therefore, any response to Defendant's interrogatories which calls for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature.  Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" interrogatories need not be answered until after the completion of discovery or some later time.

Subject to the foregoing objection and without waiving same, Plaintiff refers Defendant to the accident report attached to Plaintiff's Responses to Defendant's Requests for Production of Documents to Plaintiff.

4.

Please identify all persons that to you or your representatives' knowledge, information or belief:

    (a)    Were eyewitnesses to the incident giving rise to this lawsuit;

    (b)    Have relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in sub-part (a).

*RESPONSE:*

**Plaintiff objects to answering this interrogatory at the present time for the reason that it calls for opinions or contentions that relate to facts or the application of law to fact, and Plaintiff shows that any response to this interrogatory at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an order that this interrogatory need not be answered until after the completion of discovery or some later time. Subject to the foregoing objection and without waiving same, Plaintiff states that Ashley Gunter, LaShawn Martin and Altheia Bush, were eye-witnesses to the incident and their contact information is included in the attached accident report. The police officer at the scene, Plaintiff's attorneys, adjusters and representatives employed with State Farm Mutual Automobile Insurance Company, medical providers, and opposing counsel all have knowledge of the facts.**

5.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit.

*RESPONSE:*

**Plaintiff objects to answering this interrogatory at the present time for the reason that it calls for opinions or contentions that relate to facts or the application of law to fact, and Plaintiff shows that any response to this interrogatory at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an order that this interrogatory need not be answered until after the completion of discovery or some later time. Subject to the foregoing objection and without waiving same, Plaintiff states that**

Ashley Gunter, LaShawn Martin and Altheia Bush, were eye-witnesses to the incident and their contact information is included in the attached accident report. The police officer at the scene, Plaintiff's attorneys, adjusters and representatives employed with State Farm Mutual Automobile Insurance Company, medical providers, and opposing counsel all have knowledge of the facts.

6.

Identify all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

**RESPONSE:**
**See Response to Interrogatory No. 5, above.**

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, any other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

**RESPONSE:**
**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiving same, Plaintiff has photographs of her injuries and motorcycle. The dates of the photographs taken are unknown but were taken shortly after the accident. Plaintiff refers Defendant to the accident report attached to Plaintiff's Responses to Defendant's Requests for Production of Documents to Plaintiff.**

8.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.

*RESPONSE:*

**Plaintiff objects to this Interrogatory to the extent it seeks information that is subject to attorney/client privilege or is a part of this Plaintiff's attorney's work product. Subject to said objection and without waiving same, Plaintiff has not determined if an expert will be used. Should an expert be identified as a witness at trial, Plaintiff will amend this response as required under the Georgia Civil Practice Act.**

**Additionally, Plaintiff may call some or all of the providers named in the medical records being provided. Plaintiff will supplement this response as to these or any other experts when they are identified. Other than treating physicians, experts for use at trial have not been retained at the time. Further, Plaintiff has not yet decided which evidence will be introduced at trial, but will supplement this response in accordance with the Civil Practice Act and/or any Court Order.**

9.

Please state whether you have ever been convicted of, or plead guilty to, any felony or crime involving moral turpitude. If the answer is affirmative, please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

*RESPONSE:*

**Plaintiff objects to this Interrogatory on the grounds that the information sought is beyond the scope of discovery, it is not relevant, and it is not reasonably calculated to lead to the discovery of admissible evidence. Georgia law is clear that only admissible convictions are for those felonies and misdemeanors involving moral turpitude. Subject to the foregoing objection and without waiving same, Plaintiff states that she does not recall ever being arrested.**

10.

During the twenty-four hour period prior to the occurrence giving rise to this lawsuit, did you consume any alcoholic beverages, medicine or drugs of any kind? If the answer is affirmative, please state precisely the type of alcoholic beverage, medicine or drug consumed, the amount consumed, the time(s) at which it was consumed and the name, address and

telephone number of all persons who have relevant knowledge about your consumption of the substances.

*RESPONSE:*
No.

11.

With respect to all insurance benefits available to you for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor or other practitioner of the healing arts as a result of the incident that is the subject of this litigation, (e.g. health insurance, worker's compensation, medical payments policies, etc.) please state:

(a)     the name and address of the provider of benefits;

(b)     the amount of the payments by each provider;

(c)     the person or entity to whom the payments were made; and

(d)     the claim number, policy number or applicable reference number with regard to each payment.

*RESPONSE:*
**Plaintiffs object to this Interrogatory on the grounds that it seeks to discover information which is neither admissible at the trail, reasonably calculated to lead to the discovery of admissible evidence. See Denton vs. Con-way Express, Inc., 261 Ga. 41, 402 S.E.2d 269 (1991). Subject to the foregoing objection and without waiving same, at this time, Plaintiff is unaware of any third party payments by any insurers. Plaintiff will supplement this response as she receives additional information.**

12.

If you have ever filed a workers' compensation claim, please provide the following:

(a)     the name and address of the provider of benefits;

(b)     the amount of the payments by each provider;

(c)     the person or entity to whom the payments were made; and

    (d)     the claim number, policy number or applicable reference number with regard to each payment.

**RESPONSE:**

**Plaintiff filed a claim for slip and fall injuries while working at Krispy Kreme in 1990.**

13.

If you were eligible for or did receive any benefits from any governmental entity, such as Medicare or Medicaid, etc., as a result of the incident that is the subject of this litigation, please state:

    (a)     the name and address of the provider of benefits;

    (b)     the amount of the payments by each provider;

    (c)     the person or entity to whom the payments were made and

    (d)     the claim number, policy number or applicable reference number with regard to each payment.

**RESPONSE:**

**Plaintiff is not entitled to Medicare or Medicaid.**

14.

Please identify all accidents, occurrences or incidents in which you received personal or bodily injuries prior to the occurrence giving rise to this lawsuit and describe the bodily or personal injuries which you received.

**RESPONSE:**

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiving same, Plaintiff, in the 1980s, fell in a restroom at a theater and an attorney she had at that time got her doctor bills paid for. Plaintiff did not suffer any injuries.**

**Also, in 1990, Plaintiff fell while in the scope of her employment with Krispy Kreme injuring her left leg. Plaintiff was compensated for her pain and suffering and fully**

recovered from her injuries.

Additionally, Plaintiff states that she filed bankruptcy three times, last one being 2007, which he was discharged from.   All three bankruptcies were in the Middle District of Georgia.

15.

Please identify all accidents, occurrences or incidents in which you received personal or bodily injuries subsequent to the occurrence giving rise to this lawsuit and describe the bodily or personal injuries which you received.

*RESPONSE:*
None.

16.

Please identify and explain in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit and indicate what injuries you are, at present, suffering from and the manner and extent of your current suffering.

*RESPONSE:*
Plaintiff sustained injuries to her chest, abdomen, pelvis, back, legs, feet, arms and hands.

17.

Please identify any prior or subsequent injuries, diseases or difficulties in the areas of the body which you claim were injured in the occurrence which is the subject of this lawsuit, give the inclusive dates on which you were suffering or in pain, and give the names and addresses of all practitioners of the healing arts who have treated you for such injury, disease or difficulty.

*RESPONSE:*
Plaintiff's counsel has requested this information and will supplement this response in accordance with the Civil Practice Act and/or any Court Order.

18.

State the names and addresses of all doctors, osteopaths, psychiatrists, psychologists, chiropractors and other practitioners of the healing arts who have treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding her or her treatment of you.

**RESPONSE:**

**Life Flight – Air Methods**
**P.O.  Box 2532**
**Fontana, CA  92335**
**04/28/2018 – 04/28/2018**

**Wellstar Atlanta Medical Center**
**303 Parkway Drive, N.E.**
**Atlanta, GA  30312**
**04/28/2018 – 05/06/18**

**South Fulton Emergency Physician**
**P.O. Box 22084**
**Belfast, ME  04915**
**04/28/2018 – 04/28/2018**

**Dominion Orthopaedic Clinic**
**5555 Peachtree Dunwoody Road**
**Suite 215**
**Atlanta, GA 30342**
**05/30/2018 – 06/15/2018**

**MedCross Imaging**
**8101 East Prentice Avenue**
**Suite 1100**
**Greenwood Village, CO  80111**
**06/11/2018 – 06/11/2018**

**Peachtree Orthopaedic**
**2001 Peachtree Road**
**Suite 705**
**Atlanta, GA  30309**
**07/30/2018 – Present**

19.

Give the names and addresses of all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:

(a)     For any treatment after the incident giving rise to this lawsuit;

(b)     For any treatment at any time to any area of the body in which you claim injury from this incident.

**RESPONSE:**

**Please see Response to Interrogatory Nos. 4 and 18, above.**

20.

Please itemize all special damages which you claim to have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same).

**RESPONSE:**

| | |
|---|---|
| **Life Flight – Air Methods** | $52,054.57 |
| **Wellstar Atlanta Medical Center** | $80,374.77 |
| **South Fulton Emergency Physician** | $ 1,180.00 |
| **Dominion Orthopaedic Clinic** | $ 1,526.00 |
| **MedCross Imaging** | $ 1,716.00 |
| **Peachtree Orthopaedic** | $TBD |
| **Benchmark Physical Therapy** | $TBD |

**Plaintiff reserves the right to supplement her response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).**

21.

For any lost wage or salary claim that you make, please state the name, address and phone number of your employer at the time of the occurrence, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

**RESPONSE:**

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome.   Subject to the foregoing objection and without waiving same, Plaintiff states she is back to working full-time and has attached her wage loss documentation to her responses to Defendant's Request for Production of Documents.**

22.

If you were given any traffic citations as a result of the accident giving rise to this lawsuit, please state what the traffic citation(s) were, how you pled to the citation and how the citation was ultimately resolved.

**RESPONSE:**

**Plaintiff was not given a traffic citation**

23.

Please provide all of the addresses at which you have lived over the past ten (10) years.

**RESPONSE:**

**200 Gunters Mill Road**
**Byron, GA 31008**
**2 ½ years**

**981 Roundtable Lane**
**Macon, GA 31220**
**18 months**

**735 Winchester Circle**
**Macon, GA 31210**
**18 months**

6045 Woodstone Court
Lizella, GA 31052
22 years

24.

Have you, or has someone on your behalf, made any assignment to any physician, health care facility, chiropractor, physical therapist or other provider of the healing arts?

**RESPONSE:**

**Plaintiff believes that Cherokee Funding funded part of Plaintiff's treatment with Peachtree Orthopaedic Clinic.**

25.

Please list all medical bills incurred for treatment that you contend was caused by the incident at issue in your Complaint that have not been fully paid.

**RESPONSE:**

| | |
|---|---|
| **Life Flight – Air Methods** | **$52,054.57** |
| **Wellstar Atlanta Medical Center** | **$80,374.77** |
| **South Fulton Emergency Physician** | **$ 1,180.00** |
| **Dominion Orthopaedic Clinic** | **$ 1,526.00** |
| **MedCross Imaging** | **$ 1,716.00** |
| **Peachtree Orthopaedic** | **$TBD** |
| **Benchmark Physical Therapy** | **$TBD** |

**Plaintiff reserves the right to supplement her response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).**

26.

Please identify all persons or organizations which paid all or some of your medical bills incurred as a result of the incident at issue in your Complaint.

*RESPONSE:*

**At this time, Plaintiff is unaware of payments made, but believes that Cherokee Funding will be paying for part of her medical bills with Peachtree Orthopaedic.**

27.

Please identify every cell phone or other mobile communications device that was in Plaintiff's vehicle at the time of the collision complained of in Plaintiffs' Complaint, including the following for each device:

a. Phone number;

b. Service provider;

c. Name and address of account holder;

d. Exact location within the vehicle at the time of the collision; and

e. Whether Plaintiff was using the device in any way in the 5 minutes leading up to the collision;

f. If the answer to subpart e. is yes, then specify how the device was being used and with whom you were communicating.

*RESPONSE:*

**Plaintiff objects to answering this Interrogatory at the present time for the reason that the information sought by the Defendant is irrelevant to the personal injuries complained of in this action.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

All doctors' bills, hospital bills, drug bills, and other documents relating to medical expenses incurred in connection with injuries allegedly received in the occurrence giving rise to your complaint in this civil action.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

2.

All documents that evidence or relate to any lost wages or earnings claim or other special damages which you claim in this lawsuit.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

3.

All medical reports, hospital records, letters, office notes or other documents prepared by any physician, or other practitioner of the healing arts who treated you for injuries allegedly received in this occurrence in your possession or the possession of your attorney.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

4.

Your state and federal income tax returns for the past five (5) years. (If you do not have them, please execute IRS Tax Form 4506 and return it to Swift, Currie, McGhee & Hiers, LLP).

**RESPONSE:**

**Plaintiff's counsel has requested this information.  Plaintiff reserves the right to supplement her response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).**

5.

All photos of any person, place or thing related to this occurrence.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

6.

Any statement (written, recorded, etc.) made by any Defendant or Defendant's current or former employees, agents or representatives.

**RESPONSE:**

**Plaintiff is not in possession of any documents responsive to this request.**

7.

All statements (written, recorded, etc.) from any other person concerning this occurrence, or the damages claimed in this lawsuit.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

8.

Claim forms, pleadings, depositions, releases, and all medical reports in your possession regarding all workers' compensation claims and disability claims that you have made at any time.

**RESPONSE:**

**Plaintiff is not in possession of any documents responsive to this request.**

9.

All documents relating to compensation, indemnity insurance, wage loss replacement, income replacement, disability benefits, or medical coverage and payments available to Plaintiff from any and all governmental or private sources in connection with the occurrence.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

10.

All documentary evidence relied upon to demonstrate and support facts relevant to this litigation.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

11.

All industry, governmental and private standards, guidelines or recommendations that Plaintiff E contends Defendant did not follow or adhere to.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

12.

All government statues, ordinances, regulations or other laws that Plaintiff contends Defendant did not follow or adhere to.

**RESPONSE:**

**Plaintiff states that Defendant John Doe failed to maintain her lane, in violation of O.C.G.A. § 40-6-48 and for leaving the scene of an accident with injuries and damages, in violation of O.C.G.A. § 40-6-270.**

13.

All documents relating to the investigation of the incident giving rise to this lawsuit by any government representatives (police, fire department, OSHA, etc.) union, employer or other organization.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

14.

All field notes, sketches, diagrams, letters, memos, reports, photos, and documents of any type related to the incident giving rise to this lawsuit and the damages claimed in this lawsuit that have been generated by or for any expert consulted in this case.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

15.

All documents that contain information, whether hearsay or personal, as to the cause or nature of the incident giving rise to this litigation that have not already been requested.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

16.

All documents that support or relate to any contention that an act or omission of this Defendant caused or contributed to this incident.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

17.

All subrogation agreements, all notices of claimed subrogation rights by others, assignments of claims to others, hospital liens, and other material related to any subrogation, assignment or lien claim related to this lawsuit.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

18.

A copy of a current CV and all statements for services rendered to date by any expert retained to testify in this case.

*RESPONSE:*

**Plaintiff is not in possession of any documentation responsive to this request.**

19.

All materials which constitute evidence reasonably relied upon by experts which supports your contentions regarding liability.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

20.

Any memos, reports, letter or other documents generated by Defendant (or any of their owners or representatives) or sent to Defendant (or any of their owners or representatives) concerning the incident giving rise to this suit.

*RESPONSE:*

**Plaintiff is not in possession of any documentation responsive to this request.**

21.

All documents identified in your responses to Defendant Dollar General Corporation's First Interrogatories to you, served contemporaneously herewith.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

22.

All medical bills which have not been fully paid.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

23.

Please produce itemized billing and usage records for the date of the collision at issue for every cell phone or other mobile communications device identified in response to Interrogatory No. 27.

*RESPONSE:*

**Plaintiff is not in possession of any documentation responsive to this request.**

This _28th_ day of _December_, 2018.

KENNETH S. NUGENT, P.C.

William G. Hammill
Georgia Bar No.: 943334
Dexter J. Youmans
Georgia Bar No.: 912317
Jan P. Cohen
Georgia Bar No.: 174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:      (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

DAVID PEARSON, and                    :
SANDRA PEARSON,                       :
                                      :
      Plaintiffs,                   :
                                      :        CIVIL ACTION
vs.                                   :
                                      :        FILE NO.: 18-A-2380
JOHN DOE,                             :
DOLLAR GENERAL CORPORATION,           :
and WERNER ENTERPRISES, INC.,         :
                                      :
      Defendants.                   :
_____       :

## CERTIFICATE OF SERVICE

This is to certify that counsel of record in the foregoing matter has been served with a copy of *Plaintiff Sandra Pearson's Responses to Defendant Dollar General Corporation's First Interrogatories and First Request for Production of Documents* by depositing same in the United States Mail with sufficient postage affixed thereto to ensure delivery addressed to:

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, N.E., Suite 300
Atlanta, GA 30309

*Attorney for Defendant Dollar General Corporation*

and

Stephanie V. Chavies
Lynn Leonard & Associates
2400 Century Parkway, Suite 200
Atlanta, GA 30345

*Attorney for State Farm Mutual Automobile Insurance Company*

and

Scott H. Moulton
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, GA 30303

*Attorney for Defendant Werner Enterprises, Inc.*

Respectfully submitted this 28th day of December , 2018.

KENNETH S. NUGENT, P.C.

William G. Hammill
Georgia Bar No.: 943334
Dexter J. Youmans
Georgia Bar No.: 912317
Jan P. Cohen
Georgia Bar No.: 174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:     (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

DAVID PEARSON, and      :
SANDRA PEARSON,      :
     :
     Plaintiffs,      :
     :      CIVIL ACTION
vs.      :
     :      FILE NO.: 18-A-2380
JOHN DOE,      :
DOLLAR GENERAL CORPORATION,      :
and WERNER ENTERPRISES, INC.,      :
     :
     Defendants.      :

## PLAINTIFFS' RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

Comes now Plaintiffs in the above-styled case, and pursuant to Superior and State Court Uniform Rule 5.2, notifies the Court that Plaintiffs served a copy of *Plaintiffs' Responses to Defendant Dollar General Corporation's First Interrogatories and First Request for Production of Documents to Plaintiffs* upon all parties concerned by mailing a true copy thereof to each counsel of record and depositing same in the United States Mail with sufficient postage thereon to ensure proper delivery as follows:

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, N.E., Suite 300
Atlanta, GA  30309

*Attorney for Defendant Dollar General Corporation*

Stephanie V. Chavies
Lynn Leonard & Associates
2400 Century Parkway, Suite 200
Atlanta, GA 30345

*Attorney for State Farm Mutual Automobile Insurance Company*

and

Scott H. Moulton
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, GA  30303

*Attorney for Defendant Werner Enterprises, Inc.*

Respectfully submitted this 28th day of December, 2018.

KENNETH S. NUGENT, P.C.

*/s/ William G. Hammill*
William G. Hammill
Georgia Bar No.:  943334
Dexter J. Youmans
Georgia Bar No.:  912317
Jan P. Cohen
Georgia Bar No.:  174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:     (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

✄ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

NOV 12, 2018 06:56 PM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

David Pearson and Sandra Pearson,     )
     )
     Plaintiffs,     )
     )
     v.     )     CIVIL ACTION
     )     FILE NO. 18-A-2380
John Doe, Dollar General Corporation, and     )
Werner Enterprises, Inc.,     )
     )
     Defendants.     )
     )

**ANSWER AND CROSS-CLAIM OF
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

COMES NOW State Farm Mutual Automobile Insurance Company, upon which a copy of the Plaintiffs' Complaint has been served, purportedly pursuant to O.C.G.A. § 33-7-11, and, without submitting to the jurisdiction of the Court and without waiving any of its rights, but expressly reserving such rights, files this Answer and Cross-Claim and shows the Court the following:

FIRST DEFENSE

State Farm Mutual Automobile Insurance Company has been served with a copy of the Complaint in this case, apparently upon the theory that Dollar General Corporation, Werner Enterprises, Inc., Werner Enterprises, Inc., and John Doe were either uninsured motorists or underinsured motorists at the time of the collision in question. State Farm Mutual Automobile Insurance Company shows that it is without knowledge or information sufficient to form a belief as to whether Dollar General Corporation, Werner Enterprises, Inc., and John Doe were uninsured motorists or underinsured motorists under the purview of the Georgia statute referred to above. Accordingly, State Farm Mutual Automobile Insurance Company can neither admit nor deny whether Dollar General Corporation, Werner Enterprises, Inc, and John Doe were

- 1 -

uninsured, or underinsured, at the time of the incident in question.

### SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

State Farm Mutual Automobile Insurance Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs one (1) through forty-two (42) of the Plaintiffs' Complaint, and, accordingly, said paragraphs are deemed denied.

### FOURTH DEFENSE

State Farm Mutual Automobile Insurance Company asserts all affirmative defenses and other defenses that could be asserted by the Defendants pursuant to O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12.

### FIFTH DEFENSE

The failure to specifically state items of special damages sought in this action bars their recovery in this action under O.C.G.A. § 9-11-9(g).

### CROSS-CLAIM

In the event that Dollar General Corporation, Werner Enterprises, Inc., and John Doe, or any of them, are an uninsured motorists or an underinsured motorists as contemplated by Georgia law, and in the event that judgment is entered against Dollar General Corporation, Werner Enterprises, Inc., and John Doe, or any of them, and State Farm Mutual Automobile Insurance Company is therefore called upon to pay sums of money to the Plaintiffs pursuant to the uninsured motorist coverage, then State Farm Mutual Automobile Insurance Company, on behalf of the Plaintiffs, shall demand judgment against said Defendants for such sums of money that it is required to pay pursuant to the laws of the State of Georgia.

WHEREFORE, State Farm Mutual Automobile Insurance Company demands judgment in its favor with costs against the appropriate parties. In the event that State Farm Mutual Automobile Insurance Company has to pay sums of money to the Plaintiffs by virtue of the fact that Dollar General Corporation, Werner Enterprises, Inc., and John Doe are deemed to be uninsured motorists or underinsured motorists as contemplated by the laws of the State of Georgia, then State Farm Mutual Automobile Insurance Company, on behalf of the Plaintiffs, shall demand judgment against said Defendants on its cross-claim for all such sums which State Farm Mutual Automobile Insurance Company may be required to pay to the Plaintiffs.

This 12th day of November, 2018.

Respectfully submitted,

Lynn Leonard & Associates

/s/ Stephanie V. Chavies

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual
Automobile Insurance Company

2400 Century Parkway
Suite 200
Atlanta, GA 30345
(404) 728-5400

EMPLOYEES OF THE LAW DEPARTMENT
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel to this action with a copy of the foregoing Answer and Cross-Claim of State Farm Mutual Automobile Insurance Company in the above-styled case by electronically filing and emailing through PeachCourt.

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309

Scott H. Moulton
Caitlin D. Mattler
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303

Jan P. Cohen
William G. Hammill
Dexter J. Youmans
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096

This 12th day of November, 2018.

/s/ Stephanie V. Chavies

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual
Automobile Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*stephanie.chavies@statefarm.com*
(404) 728-5400

- 1 -

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

NOV 12, 2018 06:56 PM

*Angie S. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

David Pearson and Sandra Pearson,       )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )      CIVIL ACTION
                                        )      FILE NO. 18-A-2380
John Doe, Dollar General Corporation, and )
Werner Enterprises, Inc.,               )
                                        )
                Defendants.             )
                                        )


**<u>DEMAND FOR JURY TRIAL</u>**


State Farm Mutual Automobile Insurance Company hereby demands trial by jury of twelve (12) as to all issues so triable in the above-styled case.

This 12th day of November, 2018.

                                Respectfully submitted,

                                Lynn Leonard & Associates


                                /s/ Stephanie V. Chavies
                                _____
                                Stephanie V. Chavies
                                Georgia Bar Number: 406342
                                Attorney for State Farm Mutual Automobile
                                Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA  30345
(404) 728-5400

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel to this action with a copy of the foregoing Demand for Jury Trial in the above-styled case by electronically filing and emailing through PeachCourt.

> Erica L. Morton
> Swift, Currie, McGhee & Hiers, LLP
> The Peachtree, Suite 300
> 1355 Peachtree Street, N.E.
> Atlanta, GA 30309
>
> Scott H. Moulton
> Caitlin D. Mattler
> Hall Booth Smith, P.C.
> 191 Peachtree Street, N.E.
> Suite 2900
> Atlanta, GA 30303
>
> Jan P. Cohen
> William G. Hammill
> Dexter J. Youmans
> Kenneth S. Nugent, P.C.
> 4227 Pleasant Hill Road
> Building 11, Suite 300
> Duluth, GA 30096

This 12th day of November, 2018.

> /s/ Stephanie V. Chavies
> _____
> Stephanie V. Chavies
> Georgia Bar Number: 406342
> Attorney for State Farm Mutual Automobile
> Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*stephanie.chavies@statefarm.com*
(404) 728-5400

- 2 -

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

NOV 12, 2018 06:56 PM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

David Pearson and Sandra Pearson,                )
                                                  )
                    Plaintiffs,                   )
                                                  )
          v.                                      )          CIVIL ACTION
                                                  )          FILE NO. 18-A-2380
John Doe, Dollar General Corporation, and         )
Werner Enterprises, Inc.,                         )
                                                  )
                    Defendants.                   )
                                                  )

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DAVID PEARSON**

To:    David L. Pearson and his Attorneys of Record:
       William G. Hammill
       Dexter J. Youmans
       Jan P. Cohen
       4227 Pleasant Hill Road
       Building 11, Suite 300
       Duluth, GA 30096

I.     INSTRUCTIONS

       You are hereby required, pursuant to O.C.G.A. § 9-11-34, to produce within the time

allowed by law all of the documents requested in each paragraph of this Request for Production

of Documents.  The documents can be produced in person or by mail at the offices of Lynn

Leonard & Associates, Suite 200, 2400 Century Parkway, Atlanta, Georgia 30345-3118.  You

are under a duty to seasonably supplement or amend your responses in compliance with

O.C.G.A. § 9-11-26.  Pursuant to O.C.G.A. § 24-10-26, you are directed to produce at trial the

documents and materials referenced in these discovery requests.

-1-

As used in this Request for the Production of Documents, the term "document" shall be defined in its broadest sense, to include writings, drawings, graphs, charts, photographs, videotapes or other data compilations from which information can be obtained or translated.

The documents to be produced by you are as follows:

II.     REQUEST FOR PRODUCTION

1.

Please produce all statements and/or reports made or given by any person subject to identification in response to Interrogatory No. 2.

2.

Please produce all photographs, models, diagrams, and/or drawings of (a) the scene of the incident(s) referenced in the Complaint; (b) any object involved in the incident(s) and/or (c) any person involved in the incident(s).

3.

Please produce any traffic citations, accident reports, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation, including, without limitation, any documents or transcripts referenced in your answer to Interrogatory No. 3.

4.

Please produce all charts, reports, statements, bills or other documents concerning any medical examination or treatment received by you, including, without limitation, documents subject to identification in response to Interrogatories 4, 5, and 6.

5.

Please produce all bills, statements of accounts, cancelled checks, receipts or other documents which evidence any special damages which you seek in this litigation.

-2-

6.

Please produce all policies of insurance [including, without limitation, policies applicable (a) to you, (b) to the vehicle in which you were riding at the time of your alleged injury, and (c) to any person(s) resident in the household in which you were residing on the date of the accident] and/or other documents establishing your right to compensation from other persons or insurance company(s) for losses incurred as a result of the incident referenced in the Complaint.

7.

If you are claiming a loss of income or a reduction in your ability in the future to labor, please:

> (a)    produce all books, documents or other tangible things which prove, support or constitute evidence of any fact or circumstances on which you base your claim of lost earnings;

> (b)    Please produce your Federal and State Income Tax returns, W-2, and 1099 forms for three (3) years before the date of the incident(s) referenced in the Complaint and for each year since the incident; and

> (c)    Please produce all check stubs, receipts, record of deposits, drafts and any other documents reflecting earnings or salary for the period of one year prior to this accident.

8.

Please produce any document or thing which you contend is evidence, proof or support of the Defendant's alleged negligence, including any admissions of fault, for the accident which is the subject of this lawsuit.

9.

Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage incurred as a result of the incident(s) referenced in the Complaint.

10.

Please produce all diaries, memoranda, notes or other documents which are kept or prepared by you concerning your physical and/or mental condition for a period beginning two (2) years prior to the incident(s) referenced in the Complaint.

11.

Please produce the certificate or title for the vehicle involved in the incident giving rise to this Complaint.

12.

Please produce all documents concerning any automobile accidents or personal injuries other than those alleged to have arisen from the accident referenced in the Complaint.

13.

Please produce all documents concerning or relating to any claim by you made at any time for Workers' Compensation, Personal Injury Protection, or benefits from any governmental agency or insurance company.

14.

Please produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage [e.g., loan receipt(s), release(s), etc.].

15.

Please produce a copy of any deposition or sworn statement ever given by you.

-4-

16.

Please produce the application for benefits signed by you with regard to any claim for no-fault or personal injury protection benefits.

17.

Please produce a copy of all transcript(s) of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial or any other judicial or quasi-judicial hearing related to (a) any occurrence in which you claimed injuries to the parts of your body allegedly injured in this occurrence, (b) any such proceeding in which you have been a party claiming bodily injuries or damages, and (c) any such proceeding arising out of the occurrence referred to in your Complaint.

This 12th_ day of November, 2018.

Respectfully submitted,

Lynn Leonard & Associates

/s/ Stephanie V. Chavies

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

2400 Century Parkway
Suite 200
Atlanta, GA  30345
(404) 728-5400

-5-

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel to this action with a copy of the foregoing State Farm Mutual Automobile Insurance Company First Request for Production of Documents to Plaintiff in the above-styled case by electronically filing and emailing through PeachCourt.

> Erica L. Morton
> Swift, Currie, McGhee & Hiers, LLP
> The Peachtree, Suite 300
> 1355 Peachtree Street, N.E.
> Atlanta, GA 30309
>
> Scott H. Moulton
> Caitlin D. Mattler
> Hall Booth Smith, P.C.
> 191 Peachtree Street, N.E.
> Suite 2900
> Atlanta, GA 30303
>
> Jan P. Cohen
> William G. Hammill
> Dexter J. Youmans
> Kenneth S. Nugent, P.C.
> 4227 Pleasant Hill Road
> Building 11, Suite 300
> Duluth, GA 30096

This 12th day of November, 2018.

> /s/ Stephanie V. Chavies
> _____
> Stephanie V. Chavies
> Georgia Bar Number: 406342
> Attorney for State Farm Mutual Automobile
> Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*stephanie.chavies@statefarm.com*
(404) 728-5400

-6-

## **AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION**

To:  Records Custodian

Name of Patient:  David L. Pearson

Date of Birth:  _____

Social Security Number:   XXX-XX-XXXX

Pursuant to HIPAA Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §§164.512 & 164.508, I hereby authorize you to use or disclose my protected health information, as described below.  I further authorize the following to receive such protected health information about me:   Lynn Leonard & Associates, 2400 Century Parkway, Suite 200, Atlanta, Georgia 30345, telephone number 404-728-5400, fax number 404-728-5555.  The purpose of the requested use or disclosure is for discovery in the case of David Pearson and Sandra Pearson v. John Doe, Dollar General Corporation, and Werner Enterpises, Inc., State Court of Cobb County, Civil Action File Number:  18-A-2380.

The specific information to be used or disclosed includes the following: the patient's complete medical file, including but not limited to patient information sheet, history, examination, diagnosis, treatment, radiology reports, progress notes, billing information, doctor's notes, office notes, consultation reports, operative reports, diagnostic studies, discharge summary, applications for insurance and records from other providers.  I understand that the information in my health record may include information relating to sexually transmitted diseases, AIDS, HIV testing results, behavioral or mental services, and/or treatment for alcohol and/or drug abuse.

This authorization is valid for the duration of the claim/lawsuit, and I agree that a photocopy of it is as valid as the original.  I understand that I have the right to revoke this Authorization at any time, and in order to do so, I must present a written revocation to you.  I understand that the revocation will not apply to information that already has been released in response to or in reliance upon this Authorization.

This Authorization for the use and disclosure of my protected health information is fully understood and is made voluntarily on my part.  I acknowledge that I or a person authorized by me will receive a copy of this authorization upon request.

_____          _____
Signature of Patient (or Patient's Representative)          Name of Patient's Representative, if applicable

_____          _____
Date          Relationship of Personal Representative to Patient

SVC

-1-

**1-800-MEDICARE Authorization to Disclose Personal Health Information**

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1.  **Name:** <u>David L. Pearson</u>   (First and last name of the person with Medicare)
    **Medicare No:** _____ (Exactly as shown on the Medicare Card)
    **Date of Birth:** _____

2.  Medicare will only disclose the personal health information you want disclosed.

    2A:  **Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

    ☐ Limited Information (go to question 2b)

    ☒ Any Information (go to question 3)

    2B:  **Complete <u>only</u> if you selected "limited information".   Check all that apply:**

    ☐ Information about your Medicare eligibility

    ☐ Information about your Medicare claims

    ☐ Information about plan enrollment (e.g. drug or MA Plan)

    ☐ Information about premium payments

    ☐ Other Specific Information (please write below; for example, payment information)

3.  **Check only <u>one</u> box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law—for example, your State may limit how long Medicare may give out your personal health information):

    ☐ Disclose my personal health information indefinitely

    ☒ Disclose my personal health information for a specified period only beginning <u>04/28/2008</u> and ending <u>11/06/2020.</u>

**4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:**

> Stephanie V. Chavies
> Lynn Leonard & Associates
> 2400 Century Parkway
> Suite 200
> Atlanta, GA  30345

**5.   I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form.  I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

_____     _____     _____
Signature                                        Telephone Number        Date (mm/dd/yyyy)

Print the address of the person with Medicare  (Street Address, City, State, and ZIP)

_____

_____

☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This only applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

_____

_____

Telephone Number of Personal Representative:  _____

Personal Representative's Relationship to the Beneficiary:_____

6. **Send the completed, signed authorization to:**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission.  If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930**. The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

NOV 12, 2018 06:56 PM

*Angie J. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

David Pearson and Sandra Pearson,     )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )     CIVIL ACTION
                                      )     FILE NO. 18-A-2380
John Doe, Dollar General Corporation, and  )
Werner Enterprises, Inc.,             )
                                      )
            Defendants.               )
                                      )

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SANDRA PEARSON

To:   Sandra K. Pearson and her Attorneys of Record:
      William G. Hammill
      Dexter J. Youmans
      Jan P. Cohen
      4227 Pleasant Hill Road
      Kenneth S. Nugent, P.C.
      Building 11, Suite 300
      Duluth, GA 30096

I.    INSTRUCTIONS

      You are hereby required, pursuant to O.C.G.A. § 9-11-34, to produce within the time allowed by law all of the documents requested in each paragraph of this Request for Production of Documents. The documents can be produced in person or by mail at the offices of Lynn Leonard & Associates, Suite 200, 2400 Century Parkway, Atlanta, Georgia 30345-3118. You are under a duty to seasonably supplement or amend your responses in compliance with O.C.G.A. § 9-11-26. Pursuant to O.C.G.A. § 24-10-26, you are directed to produce at trial the documents and materials referenced in these discovery requests.

-1-

As used in this Request for the Production of Documents, the term "document" shall be defined in its broadest sense, to include writings, drawings, graphs, charts, photographs, videotapes or other data compilations from which information can be obtained or translated.

The documents to be produced by you are as follows:

II.    REQUEST FOR PRODUCTION

1.

Please produce all statements and/or reports made or given by any person subject to identification in response to Interrogatory No. 2.

2.

Please produce all photographs, models, diagrams, and/or drawings of (a) the scene of the incident(s) referenced in the Complaint; (b) any object involved in the incident(s) and/or (c) any person involved in the incident(s).

3.

Please produce any traffic citations, accident reports, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation, including, without limitation, any documents or transcripts referenced in your answer to Interrogatory No. 3.

4.

Please produce all charts, reports, statements, bills or other documents concerning any medical examination or treatment received by you, including, without limitation, documents subject to identification in response to Interrogatories 4, 5, and 6.

5.

Please produce all bills, statements of accounts, cancelled checks, receipts or other documents which evidence any special damages which you seek in this litigation.

-2-

6.

Please produce all policies of insurance [including, without limitation, policies applicable (a) to you, (b) to the vehicle in which you were riding at the time of your alleged injury, and (c) to any person(s) resident in the household in which you were residing on the date of the accident] and/or other documents establishing your right to compensation from other persons or insurance company(s) for losses incurred as a result of the incident referenced in the Complaint.

7.

If you are claiming a loss of income or a reduction in your ability in the future to labor, please:

   (a)  produce all books, documents or other tangible things which prove, support or constitute evidence of any fact or circumstances on which you base your claim of lost earnings;

   (b)  Please produce your Federal and State Income Tax returns, W-2, and 1099 forms for three (3) years before the date of the incident(s) referenced in the Complaint and for each year since the incident; and

   (c)  Please produce all check stubs, receipts, record of deposits, drafts and any other documents reflecting earnings or salary for the period of one year prior to this accident.

8.

Please produce any document or thing which you contend is evidence, proof or support of the Defendant's alleged negligence, including any admissions of fault, for the accident which is the subject of this lawsuit.

-3-

9.

Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage incurred as a result of the incident(s) referenced in the Complaint.

10.

Please produce all diaries, memoranda, notes or other documents which are kept or prepared by you concerning your physical and/or mental condition for a period beginning two (2) years prior to the incident(s) referenced in the Complaint.

11.

Please produce the certificate or title for the vehicle involved in the incident giving rise to this Complaint.

12.

Please produce all documents concerning any automobile accidents or personal injuries other than those alleged to have arisen from the accident referenced in the Complaint.

13.

Please produce all documents concerning or relating to any claim by you made at any time for Workers' Compensation, Personal Injury Protection, or benefits from any governmental agency or insurance company.

14.

Please produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage [e.g., loan receipt(s), release(s), etc.].

15.

Please produce a copy of any deposition or sworn statement ever given by you.

-4-

16.

Please produce the application for benefits signed by you with regard to any claim for no-fault or personal injury protection benefits.

17.

Please produce a copy of all transcript(s) of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial or any other judicial or quasi-judicial hearing related to (a) any occurrence in which you claimed injuries to the parts of your body allegedly injured in this occurrence, (b) any such proceeding in which you have been a party claiming bodily injuries or damages, and (c) any such proceeding arising out of the occurrence referred to in your Complaint.

This 12th day of November, 2018.

Respectfully submitted,

Lynn Leonard & Associates

/s/ Stephanie V. Chavies

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

2400 Century Parkway
Suite 200
Atlanta, GA  30345
(404) 728-5400

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel to this action with a copy of the foregoing State Farm Mutual Automobile Insurance Company First Request for Production of Documents to Plaintiff in the above-styled case by electronically filing and emailing through PeachCourt.

> Erica L. Morton
> Swift, Currie, McGhee & Hiers, LLP
> The Peachtree, Suite 300
> 1355 Peachtree Street, N.E.
> Atlanta, GA 30309
>
> Scott H. Moulton
> Caitlin D. Mattler
> Hall Booth Smith, P.C.
> 191 Peachtree Street, N.E.
> Suite 2900
> Atlanta, GA 30303
>
> Jan P. Cohen
> William G. Hammill
> Dexter J. Youmans
> Kenneth S. Nugent, P.C.
> 4227 Pleasant Hill Road
> Building 11, Suite 300
> Duluth, GA 30096

This 12th day of November, 2018.

/s/ Stephanie V. Chavies

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*stephanie.chavies@statefarm.com*
(404) 728-5400

-6-

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION

To:  Records Custodian

Name of Patient:  Sandra K. Pearson

Date of Birth:  _____

Social Security Number:   XXX-XX-XXXX

Pursuant to HIPAA Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §§164.512 & 164.508, I hereby authorize you to use or disclose my protected health information, as described below.  I further authorize the following to receive such protected health information about me:   Lynn Leonard & Associates, 2400 Century Parkway, Suite 200, Atlanta, Georgia 30345, telephone number 404-728-5400, fax number 404-728-5555.  The purpose of the requested use or disclosure is for discovery in the case of David Pearson and Sandra Pearson v. John Doe, Dollar General Corporation, and Werner Enterpises, Inc., State Court of Cobb County, Civil Action File Number:  18-A-2380.

The specific information to be used or disclosed includes the following: the patient's complete medical file, including but not limited to patient information sheet, history, examination, diagnosis, treatment, radiology reports, progress notes, billing information, doctor's notes, office notes, consultation reports, operative reports, diagnostic studies, discharge summary, applications for insurance and records from other providers.  I understand that the information in my health record may include information relating to sexually transmitted diseases, AIDS, HIV testing results, behavioral or mental services, and/or treatment for alcohol and/or drug abuse.

This authorization is valid for the duration of the claim/lawsuit, and I agree that a photocopy of it is as valid as the original.  I understand that I have the right to revoke this Authorization at any time, and in order to do so, I must present a written revocation to you.  I understand that the revocation will not apply to information that already has been released in response to or in reliance upon this Authorization.

This Authorization for the use and disclosure of my protected health information is fully understood and is made voluntarily on my part.  I acknowledge that I or a person authorized by me will receive a copy of this authorization upon request.

_____          _____
Signature of Patient (or Patient's Representative)          Name of Patient's Representative, if applicable


_____          _____
Date          Relationship of Personal Representative to Patient

SVC

-1-

**1-800-MEDICARE Authorization to Disclose Personal Health Information**

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1.  **Name:** <u>Sandra K. Pearson</u>   (First and last name of the person with Medicare)
    **Medicare No:** _____ (Exactly as shown on the Medicare Card)
    **Date of Birth:** _____

2.  Medicare will only disclose the personal health information you want disclosed.

    **2A:  Check only <u>one </u>box below to tell Medicare the specific personal health information you want disclosed:**

    ☐ Limited Information (go to question 2b)

    ☒ Any Information (go to question 3)

    **2B:  Complete <u>only </u> if you selected "limited information".   Check all that apply:**

    ☐ Information about your Medicare eligibility

    ☐ Information about your Medicare claims

    ☐ Information about plan enrollment (e.g. drug or MA Plan)

    ☐ Information about premium payments

    ☐ Other Specific Information (please write below; for example, payment information)

3.  **Check only <u>one </u>box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable  law—for example, your State may limit how long Medicare may give out your  personal health information):

    ☐ Disclose my personal health information indefinitely

    ☒ Disclose my personal health information for a specified period only beginning <u>04/28/2008</u> and ending <u>11/06/2020.</u>

4. **Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:**

> Stephanie V. Chavies
> Lynn Leonard & Associates
> 2400 Century Parkway
> Suite 200
> Atlanta, GA  30345

5. **I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form.  I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

_____    _____    _____

Signature                                      Telephone Number        Date (mm/dd/yyyy)

Print the address of the person with Medicare  (Street Address, City, State, and ZIP)

_____

_____

☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This only applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

_____

_____

Telephone Number of Personal Representative: _____

Personal Representative's Relationship to the Beneficiary:_____

6. **Send the completed, signed authorization to:**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission.  If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930**. The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

🔆 **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

NOV 12, 2018 06:56 PM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

David Pearson and Sandra Pearson,   )
   )
     Plaintiffs,   )
   )
   )   CIVIL ACTION
     v.   )   FILE NO. 18-A-2380
   )
John Doe, Dollar General Corporation, and   )
Werner Enterprises, Inc.,   )
   )
     Defendants.   )
   )

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
### FIRST INTERROGATORIES TO PLAINTIFF DAVID PEARSON

To:    David L. Pearson and his Attorneys of Record:
        Dexter J. Youmans
        Jan P. Cohen
        William G. Hammill
        Kenneth S. Nugent, P.C.
        4227 Pleasant Hill Road
        Building 11, Suite 300
        Duluth, GA 30096

I.     INSTRUCTIONS

    You are hereby required, pursuant to O.C.G.A. § 9-11-33, to answer all of the following interrogatories, separately and fully in writing under oath. Within the time allowed by law, return your answers to the undersigned attorney at Lynn Leonard & Associates, Suite 200, Atlanta, GA 30345. You are under a duty to seasonably supplement or amend your responses in compliance with O.C.G.A. § 9-11-26.

    The interrogatories to be answered by you are as follows:

II.     INTERROGATORIES

1.

    Please state your full name, all aliases and/or formal names you have previously used,

-1-

your date of birth and social security number.

2.

Identify and provide last known address and phone number of each person whom you believe:

(a)     may have knowledge of facts concerning the incident, your injuries, any discoverable matter or relevant information;

(b)     you expect to call as an expert witness at trial and for each such expert witness state the subject matter to which he or she is expected to testify; and

(c)     may have investigated any aspect of the incident or your claims of injury and damage.

3.

State whether there has been a judicial inquiry (for example, a hearing on traffic charges, a commitment hearing, inquest, or previous trial) concerning or involving the incident giving rise to this litigation.  If so, please describe each such proceeding, including:

(a)     the date(s) and place(s); and

(b)     style and case number.

4.

State what medical attention you have received since the incident complained of, setting forth in particular the following:

(a)     the name and address of every physician, surgeon, or practitioner or any healing art who has treated you; and

(b)     the approximate number of visits to each such physician, surgeon, or practitioner of any healing art, including date of first and last visit.

5.

Have you been hospitalized at any time since the incident complained of?  If so, state the following:

 (a) the name(s) and address(es) of each hospital;

 (b) the date or dates of any treatment received in a hospital;

 (c) the nature of the treatment rendered in each such hospital; and

 (d) the name(s) and address(es) of your attending physician(s).

6.

To your knowledge, information, or belief, have any of the physicians, surgeons, practitioners of any healing art or hospitals referred to above, made any reports, statements, or bills concerning your medical condition?  If so, please list the providers.

7.

Were you ever hospitalized for any reason prior to the incident complained of?  If so, state the following:

 (a) the name and address of each hospital;

 (b) the date or dates of any treatment received in a hospital; and

 (c) the name and address of your treating physician.

8.

State what medical surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you have received before the accident, including:

 (a) the date(s) of each such care, treatment, procedure or examination;

 (b) the care, treatment(s) or examination(s) which you received; and

 (c) the names(s) and address(es) of the physician(s), surgeon(s), or other practitioner(s) of any healing art from whom you received each such care,

treatment, procedure or examination.

9.

Prior or subsequent to the incident complained of, have you ever suffered from a similar injury or medical condition?  If so, please state the following:

(a)   describe such injury;

(b)   when and where such injury was sustained; and

(c)   whether a claim for personal injury was made by you and, if so, against whom such claim was made.

10.

Prior or subsequent to this litigation, were you ever a plaintiff or defendant in a lawsuit of any kind?  If so, please state the following:

(a)   whether you were plaintiff or defendant;

(b)   the name of all other parties thereof;

(c)   the name and address of the court where such action was filed;

(d)   the year in which such action was filed; and

(e)   the outcome of such lawsuit.

11.

Have you been involved in an accident BEFORE or AFTER the accident which is the subject matter of this litigation?  If your answer is in the affirmative, please state the following:

(a)   date, time, and place of occurrence;

(b)   name, address, and telephone number of all parties involved in said accident;

(c)   address of investigating police department;

(d)   personal injuries, if any, which you received in such accident;

-4-

(e)     name and address of any health care facility and physicians who have treated you for said injury;

(f)     short description of how accident occurred; and

(g)     have you filed any claim for personal injury or property damage?

12.

Please itemize (a) all special damages that you claim in this litigation and (b) all physical and mental injuries you allege you received in this accident.

13.

State the name and address of your employer, if any, on the date of the incident complained of and your total salary, commissions, or other compensation.

14.

Describe any activity in which you could engage before the accident which you cannot engage in now as a result of the injuries received in this accident.

15.

If you are claiming lost earnings, please state:

(a)     each and every basis, fact and circumstance upon which you rely for each such claim;

(b)     if there has been any change in your occupation(s), employer(s), duties or earnings since the accident, please describe each such change; and

(c)     if your alleged injuries have prevented you from working at any time since the accident referenced in the complaint, state:

     (1)     the date or dates that you were unable to work because of your injuries and what earnings, if any, you lost by reason of each such date of not working; and

-5-

(2)    whether you have received any payment (Workmen's Compensation, sick leave pay, disability insurance, income protection insurance or other) on account of any such loss of time from work or loss of earnings and the amount of source of such payment.

16.

If you have received or are entitled to receive compensation from a third party, (including employers, personal injury protection and/or insurance companies) for any of the expenses, lost wages or damages allegedly incurred in the incident giving rise to this litigation, please provide the following information:

(a)    identify the source of such rights of payment;

(b)    if the source was an insurance company, state the policy and/or claim number;

(c)    identify the person(s) with whom you communicated concerning payments;

(d)    itemize the payments which you have received, specifying the expenses for which compensation was paid; and

(e)    if a workers compensation claim has been made or if you have otherwise suffered a personal injury since the accident, please state the claim number, the date of the injury, and itemize all payments received as a result of that claim.

17.

With regard to each and every (i) STATE FARM POLICY under which you are claiming uninsured motorist benefits and (ii) policy of insurance under which you are the named insured

or have paid all or part of the policy premium, please;

    (a)    identify the named insured(s);

    (b)    identify the issuing insurance company(s);

    (c)    state the policy number(s);

    (d)    identify the make, model and year of each covered vehicle;

    (e)    state the amount of uninsured motorist coverage; and

    (f)    identify the agent with whom the named insured dealt.

18.

If there was a policy of automobile liability insurance which you contend or, on information and belief, allege provided coverage to the owner or operator of any allegedly uninsured motor vehicle involved in the referenced accident, as to each policy please identify:

    (a)    the named insured(s);

    (b)    the issuing insurance company(s);

    (c)    the policy and claim number(s);

    (d)    the adjuster(s) with whom you or anyone acting on your behalf has been in contact;

    (e)    the limits of liability coverage(s); and

    (f)    any basis for a denial of coverage, a reservation of rights or a non-waiver agreement.

19.

Have you ever been arrested?  If so, with regard to each such arrest, please state the date, the offense for which you were arrested, the place where you were arrested, the Court handling the charges, the plea you entered and the disposition of the charges.

20.

Please state whether any enforceable liens or subrogation rights may be asserted, and whether or not you have received notice of any such lien or subrogation right that may be enforced, against any potential settlement proceeds or judgment in this action.  For purposes of this interrogatory, the term "enforceable liens or subrogation rights" shall include but not be limited to liens claimed under O.C.G.A. §44-14-470 et. seq. (hospital liens); O.C.G.A. §49-9-149 (Georgia Department of Medical Assistance Liens); O.C.G.A. §49-9-14 (State of Georgia, Department of Human Resources, Division of Rehabilitation Service liens); 42 U.S.C.A. §1395y (b)(1) or 42 U.S.C.A. §1396a (25) (subrogation rights for Medicare benefits); and 42 U.S.C.A §2651, et. seq. (subrogation rights arising under the Medical Care Recovery Act, i.e., for benefits paid pursuant to CHAMPUS), and any alleged lien, subrogation claim and right of assignment or reimbursement from any individual or group health or medical insurance company that paid any benefits to you or on your behalf.

21.

At any time before the accident, at the time of the accident, or after the accident, were you receiving any benefits from social security, workmans' compensation, disability insurance, Medicare or Medicaid?  If so, please state:

(a)     the type of benefit, amount of benefit and dates for which benefits were applied;

(b)     the payee of the benefits, the nature of the medical conditions for which the benefits were paid, and its relationship to the accident.

22.

Are you aware of any lien for recovery of payments asserted by the Social Security Administration or any entity on its behalf, such as Medicare or the Center for Medicare and

-8-

Medicaid Services (CMS), as a result of payments identified in interrogatory 21 above?  If so, please state:

    (a)    the amount of such lien;

    (b)    the date you were notified of the lien;

    (c)    the relationship of the amount of the lien asserted and the accident.

23.

With respect to all insurance coverage which may be available to you as a result of the incident which is the subject of this lawsuit, please state the following:

    (a)    the name and address of any insurance company which may provide insurance coverage to you, your vehicle, or the vehicle in which you were driving or riding as a passenger at the time of this accident;

    (b)    the total amount of such benefits available to you from each source referred to in sub-section (a), specifying the amount available from each source;

    (c)    whether notice of potential responsibility as a result of the incident upon which the lawsuit is based has been provided to any of the sources listed in your response to sub-section (a) above, specifying the date, the form, and the method of such notice;

    (d)    for each source described in sub-section (a) of this interrogatory, please state in detail all facts upon which you base your contention that the source may provide insurance benefits;

    (e)    the number of the policy provided by each source described in sub-section (a) of this interrogatory which you allege may provide coverage for the incident described in the Plaintiff's complaint, and the limits of the

coverage of the policy;

(f)     the name and the address of the individual or entity which paid the

premium for insurance coverage to each source listed in your response to

sub-section (a) of this interrogatory; and

(g)     the named insured on any policy available from any source listed in sub-

section (a) and describe your relationship to the insured.

### 24.

Regarding your claim that the Defendant is uninsured or underinsured, please state all

facts which support your claim, including your understanding of the limits of insurance you

believe are available from Defendant, Dollar General Corporation, Werner Enterprises, Inc., and

John Doe as well as the name of each insurer and the policy number of each such policy of

insurance available to Defendant, Dollar General Corporation, Werner Enterprises, Inc.,and John

Doe.

### 25.

Please set forth in detail how the incident which forms the basis of your complaint

occurred.

This 12th day of November, 2018.

Respectfully submitted,

/s/ Stephanie V. Chavies

_____

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA  30345
(404) 728-5400

-10-

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel to this action with a copy of the foregoing State Farm Mutual Automobile Insurance Company First Interrogatories to Plaintiff David Pearson in the above-styled case by electronically filing and emailing through PeachCourt.

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309

Scott H. Moulton
Caitlin D. Mattler
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303

Jan P. Cohen
William G. Hammill
Dexter J. Youmans
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096

This 12th day of November, 2018.

/s/ Stephanie V. Chavies
_____
Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*stephanie.chavies@statefarm.com*
(404) 728-5400

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

NOV 12, 2018 06:56 PM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| David Pearson and Sandra Pearson, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 18-A-2380 |
| John Doe, Dollar General Corporation, and | ) | |
| Werner Enterprises, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVING DISCOVERY

This is to certify that I have this day served all counsel of record to this action with a copy of State Farm Mutual Automobile Insurance Company First Interrogatories and Request for Production of Documents to Plaintiff David Pearson in the above-styled case by electronically filing and emailing through Odyssey eFileGA.

> Erica L. Morton
> Swift, Currie, McGhee & Hiers, LLP
> The Peachtree, Suite 300
> 1355 Peachtree Street, N.E.
> Atlanta, GA 30309
>
> Scott H. Moulton
> Caitlin D. Mattler
> Hall Booth Smith, P.C.
> 191 Peachtree Street, N.E.
> Suite 2900
> Atlanta, GA 30303
>
> Jan P. Cohen
> William G. Hammill
> Dexter J. Youmans
> Kenneth S. Nugent, P.C.
> 4227 Pleasant Hill Road
> Building 11, Suite 300
> Duluth, GA 30096

This 12th day of November, 2018.

/s/ Stephanie V. Chavies

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*stephanie.chavies@statefarm.com*
(404) 728-5400

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

NOV 12, 2018 06:56 PM

*Angie S. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

David Pearson and Sandra Pearson,   )
                                    )
           Plaintiffs,              )
                                    )
     v.                             )     CIVIL ACTION
                                    )     FILE NO. 18-A-2380
John Doe, Dollar General Corporation, and )
Werner Enterprises, Inc.,           )
                                    )
           Defendants.              )
                                    )

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S**
**FIRST INTERROGATORIES TO PLAINTIFF SANDRA PEARSON**

To:   Sandra K. Pearson and her Attorneys of Record:
      Jan P. Cohen
      William G. Hammill
      Dexter J. Youmans
      Kenneth S. Nugent, P.C.
      4227 Pleasant Hill Road
      Building 11, Suite 300
      Duluth, GA 30096

I.     INSTRUCTIONS

     You are hereby required, pursuant to O.C.G.A. § 9-11-33, to answer all of the

following interrogatories, separately and fully in writing under oath.  Within the time allowed

by law, return your answers to the undersigned attorney at Lynn Leonard & Associates, Suite

200, Atlanta, GA 30345.  You are under a duty to seasonably supplement or amend your

responses in compliance with O.C.G.A. § 9-11-26.

     The interrogatories to be answered by you are as follows:

II.    INTERROGATORIES

                                   1.

Please state your full name, all aliases and/or formal names you have previously used,

-1-

your date of birth and social security number.

2.

Identify and provide last known address and phone number of each person whom you believe:

(a)     may have knowledge of facts concerning the incident, your injuries, any discoverable matter or relevant information;

(b)     you expect to call as an expert witness at trial and for each such expert witness state the subject matter to which he or she is expected to testify; and

(c)     may have investigated any aspect of the incident or your claims of injury and damage.

3.

State whether there has been a judicial inquiry (for example, a hearing on traffic charges, a commitment hearing, inquest, or previous trial) concerning or involving the incident giving rise to this litigation.  If so, please describe each such proceeding, including:

(a)     the date(s) and place(s); and

(b)     style and case number.

4.

State what medical attention you have received since the incident complained of, setting forth in particular the following:

(a)     the name and address of every physician, surgeon, or practitioner or any healing art who has treated you; and

(b)     the approximate number of visits to each such physician, surgeon, or practitioner of any healing art, including date of first and last visit.

5.

Have you been hospitalized at any time since the incident complained of?  If so, state the following:

(a)     the name(s) and address(es) of each hospital;

(b)     the date or dates of any treatment received in a hospital;

(c)     the nature of the treatment rendered in each such hospital; and

(d)     the name(s) and address(es) of your attending physician(s).

6.

To your knowledge, information, or belief, have any of the physicians, surgeons, practitioners of any healing art or hospitals referred to above, made any reports, statements, or bills concerning your medical condition?  If so, please list the providers.

7.

Were you ever hospitalized for any reason prior to the incident complained of?  If so, state the following:

(a)     the name and address of each hospital;

(b)     the date or dates of any treatment received in a hospital; and

(c)     the name and address of your treating physician.

8.

State what medical surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you have received before the accident, including:

(a)     the date(s) of each such care, treatment, procedure or examination;

(b)     the care, treatment(s) or examination(s) which you received; and

(c)     the names(s) and address(es) of the physician(s), surgeon(s), or other

practitioner(s) of any healing art from whom you received each such care,

-3-

treatment, procedure or examination.

9.

Prior or subsequent to the incident complained of, have you ever suffered from a similar injury or medical condition?  If so, please state the following:

    (a)    describe such injury;

    (b)    when and where such injury was sustained; and

    (c)    whether a claim for personal injury was made by you and, if so, against whom such claim was made.

10.

Prior or subsequent to this litigation, were you ever a plaintiff or defendant in a lawsuit of any kind?  If so, please state the following:

    (a)    whether you were plaintiff or defendant;

    (b)    the name of all other parties thereof;

    (c)    the name and address of the court where such action was filed;

    (d)    the year in which such action was filed; and

    (e)    the outcome of such lawsuit.

11.

Have you been involved in an accident BEFORE or AFTER the accident which is the subject matter of this litigation?  If your answer is in the affirmative, please state the following:

    (a)    date, time, and place of occurrence;

    (b)    name, address, and telephone number of all parties involved in said accident;

    (c)    address of investigating police department;

    (d)    personal injuries, if any, which you received in such accident;

(e)     name and address of any health care facility and physicians who have treated you for said injury;

(f)     short description of how accident occurred; and

(g)     have you filed any claim for personal injury or property damage?

12.

Please itemize (a) all special damages that you claim in this litigation and (b) all physical and mental injuries you allege you received in this accident.

13.

State the name and address of your employer, if any, on the date of the incident complained of and your total salary, commissions, or other compensation.

14.

Describe any activity in which you could engage before the accident which you cannot engage in now as a result of the injuries received in this accident.

15.

If you are claiming lost earnings, please state:

(a)     each and every basis, fact and circumstance upon which you rely for each such claim;

(b)     if there has been any change in your occupation(s), employer(s), duties or earnings since the accident, please describe each such change; and

(c)     if your alleged injuries have prevented you from working at any time since the accident referenced in the complaint, state:

(1)     the date or dates that you were unable to work because of your injuries and what earnings, if any, you lost by reason of each such date of not working; and

-5-

(2)    whether you have received any payment (Workmen's Compensation, sick leave pay, disability insurance, income protection insurance or other) on account of any such loss of time from work or loss of earnings and the amount of source of such payment.

16.

If you have received or are entitled to receive compensation from a third party, (including employers, personal injury protection and/or insurance companies) for any of the expenses, lost wages or damages allegedly incurred in the incident giving rise to this litigation, please provide the following information:

(a)    identify the source of such rights of payment;

(b)    if the source was an insurance company, state the policy and/or claim number;

(c)    identify the person(s) with whom you communicated concerning payments;

(d)    itemize the payments which you have received, specifying the expenses for which compensation was paid; and

(e)    if a workers compensation claim has been made or if you have otherwise suffered a personal injury since the accident, please state the claim number, the date of the injury, and itemize all payments received as a result of that claim.

17.

With regard to each and every (i) STATE FARM POLICY under which you are claiming uninsured motorist benefits and (ii) policy of insurance under which you are the named insured

or have paid all or part of the policy premium, please;

    (a)    identify the named insured(s);

    (b)    identify the issuing insurance company(s);

    (c)    state the policy number(s);

    (d)    identify the make, model and year of each covered vehicle;

    (e)    state the amount of uninsured motorist coverage; and

    (f)    identify the agent with whom the named insured dealt.

18.

If there was a policy of automobile liability insurance which you contend or, on information and belief, allege provided coverage to the owner or operator of any allegedly uninsured motor vehicle involved in the referenced accident, as to each policy please identify:

    (a)    the named insured(s);

    (b)    the issuing insurance company(s);

    (c)    the policy and claim number(s);

    (d)    the adjuster(s) with whom you or anyone acting on your behalf has been in contact;

    (e)    the limits of liability coverage(s); and

    (f)    any basis for a denial of coverage, a reservation of rights or a non-waiver agreement.

19.

Have you ever been arrested?  If so, with regard to each such arrest, please state the date, the offense for which you were arrested, the place where you were arrested, the Court handling the charges, the plea you entered and the disposition of the charges.

-7-

20.

Please state whether any enforceable liens or subrogation rights may be asserted, and whether or not you have received notice of any such lien or subrogation right that may be enforced, against any potential settlement proceeds or judgment in this action. For purposes of this interrogatory, the term "enforceable liens or subrogation rights" shall include but not be limited to liens claimed under O.C.G.A. §44-14-470 et. seq. (hospital liens); O.C.G.A. §49-9-149 (Georgia Department of Medical Assistance Liens); O.C.G.A. §49-9-14 (State of Georgia, Department of Human Resources, Division of Rehabilitation Service liens); 42 U.S.C.A. §1395y (b)(1) or 42 U.S.C.A. §1396a (25) (subrogation rights for Medicare benefits); and 42 U.S.C.A §2651, et. seq. (subrogation rights arising under the Medical Care Recovery Act, i.e., for benefits paid pursuant to CHAMPUS), and any alleged lien, subrogation claim and right of assignment or reimbursement from any individual or group health or medical insurance company that paid any benefits to you or on your behalf.

21.

At any time before the accident, at the time of the accident, or after the accident, were you receiving any benefits from social security, workmans' compensation, disability insurance, Medicare or Medicaid? If so, please state:

    (a)    the type of benefit, amount of benefit and dates for which benefits were applied;

    (b)    the payee of the benefits, the nature of the medical conditions for which the benefits were paid, and its relationship to the accident.

22.

Are you aware of any lien for recovery of payments asserted by the Social Security Administration or any entity on its behalf, such as Medicare or the Center for Medicare and

-8-

Medicaid Services (CMS), as a result of payments identified in interrogatory 21 above? If so, please state:

    (a)    the amount of such lien;

    (b)    the date you were notified of the lien;

    (c)    the relationship of the amount of the lien asserted and the accident.

23.

With respect to all insurance coverage which may be available to you as a result of the incident which is the subject of this lawsuit, please state the following:

    (a)    the name and address of any insurance company which may provide insurance coverage to you, your vehicle, or the vehicle in which you were driving or riding as a passenger at the time of this accident;

    (b)    the total amount of such benefits available to you from each source referred to in sub-section (a), specifying the amount available from each source;

    (c)    whether notice of potential responsibility as a result of the incident upon which the lawsuit is based has been provided to any of the sources listed in your response to sub-section (a) above, specifying the date, the form, and the method of such notice;

    (d)    for each source described in sub-section (a) of this interrogatory, please state in detail all facts upon which you base your contention that the source may provide insurance benefits;

    (e)    the number of the policy provided by each source described in sub-section (a) of this interrogatory which you allege may provide coverage for the incident described in the Plaintiff's complaint, and the limits of the

-9-

coverage of the policy;

(f)    the name and the address of the individual or entity which paid the premium for insurance coverage to each source listed in your response to sub-section (a) of this interrogatory; and

(g)    the named insured on any policy available from any source listed in sub-section (a) and describe your relationship to the insured.

24.

Regarding your claim that the Defendant is uninsured or underinsured, please state all facts which support your claim, including your understanding of the limits of insurance you believe are available from Defendant, Dollar General Corporation, Werner Enterprises, Inc., and John Doe as well as the name of each insurer and the policy number of each such policy of insurance available to Defendant, Dollar General Corporation, Werner Enterprises, Inc., and John Doe.

25.

Please set forth in detail how the incident which forms the basis of your complaint occurred.

This 12th day of November, 2018.

Respectfully submitted,

/s/ Stephanie V. Chavies

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA  30345
(404) 728-5400

-10-

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel to this action with a copy of the foregoing State Farm Mutual Automobile Insurance Company First Interrogatories to Plaintiff Sandra Pearson in the above-styled case by electronically filing and emailing through PeachCourt.

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309

Scott H. Moulton
Caitlin D. Mattler
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303

Jan P. Cohen
William G. Hammill
Dexter J. Youmans
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096

This 12th day of November, 2018.

/s/ Stephanie V. Chavies

_____
Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*stephanie.chavies@statefarm.com*
(404) 728-5400

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

NOV 12, 2018 06:56 PM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| David Pearson and Sandra Pearson, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 18-A-2380 |
| John Doe, Dollar General Corporation, and | ) | |
| Werner Enterprises, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVING DISCOVERY

This is to certify that I have this day served all counsel of record to this action with a copy of State Farm Mutual Automobile Insurance Company First Interrogatories and Request for Production of Documents to Plaintiff Sandra Person in the above-styled case by electronically filing and emailing through Odyssey eFileGA.

> Erica L. Morton
> Swift, Currie, McGhee & Hiers, LLP
> The Peachtree, Suite 300
> 1355 Peachtree Street, N.E.
> Atlanta, GA 30309
>
> Scott H. Moulton
> Caitlin D. Mattler
> Hall Booth Smith, P.C.
> 191 Peachtree Street, N.E.
> Suite 2900
> Atlanta, GA 30303
>
> Jan P. Cohen
> William G. Hammill
> Dexter J. Youmans
> Kenneth S. Nugent, P.C.
> 4227 Pleasant Hill Road
> Building 11, Suite 300
> Duluth, GA 30096

This 12th day of November, 2018.

/s/ Stephanie V. Chavies

Stephanie V. Chavies
Georgia Bar Number: 406342
Attorney for State Farm Mutual Automobile
Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*stephanie.chavies@statefarm.com*
(404) 728-5400

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

DAVID PEARSON, and            :
SANDRA PEARSON,               :
                              :
        Plaintiffs,           :
                              :        CIVIL ACTION
vs.                           :
                              :        FILE NO.: 18-A-2380
JOHN DOE,                     :
DOLLAR GENERAL CORPORATION,   :
and WERNER ENTERPRISES, INC., :
                              :
        Defendants.           :
_____ :

### PLAINTIFF DAVID PEARSON'S RESPONSES TO NON-PARTY DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, David Pearson ("Plaintiff") in the above-captioned action, and herewith respond to Non-Party Defendant State Farm Mutual Automobile Insurance Company's First Interrogatories, and Request for Production of Documents, as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

(1)

The Plaintiff objects to each and every interrogatory to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that he has not been able to take depositions in this action or otherwise complete his investigation of the same, and, therefore, any response to Defendant's interrogatories which calls for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" interrogatories need not be answered until after the completion of discovery or some later time.

(2)

The Plaintiff objects to each and every interrogatory to the extent that it would require the Plaintiff to respond by disclosing his attorney's or any other of their representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product or the like, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

(3)

The Plaintiff objects to each and every interrogatory to the extent that it, whether standing alone, or taken in conjunction with any and all other interrogatories, is calculated, or would operate, to annoy, embarrass, oppress, unduly burden, or unduly cause expense to the Plaintiff or would be unduly vexatious or unduly burdensome to respond to, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "undue burden").

(4)

The Plaintiff objects to each and every interrogatory to the extent that it requires the Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "irrelevancy").

(5)

The Plaintiff objects to each and every interrogatory to the extent that it would require Plaintiff to respond by waiving their attorney client privilege, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "privilege").

(6)

Plaintiff objects to the preface to the interrogatories propounded by Defendant and the definitions and instructions included therein to the extent that such preface or definitions impose or seek to impose requirements which are in excess of or inconsistent with the requirements of the Georgia Civil Practice Act.

(7)

Without waiving or prejudicing his right to assert these general objections or any other objections which may be set forth herein, and in a good faith effort to provide the information available to the Plaintiff at this stage of the discovery and the investigative process in this litigation, the Plaintiff will provide responsive and non-objectionable information now available to him with regard to certain of the interrogatories.

(8)

Insofar as any of the Defendant's interrogatories seek information to which the foregoing General Objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to any interrogatory.

(9)

Plaintiff specifically reserves the right to supplement, amend, add to, or delete any portion of these Responses based on information that may be developed during the course of discovery proceedings in this case.

1.

Please state your full name, all aliases and/or formal names you have previously used, your date of birth and social security number.

*RESPONSE:*

David Lester Pearson, 08/24/1962.  Plaintiff objects to providing his social security number.  Plaintiff is willing to provide this information to counsel at the time of his deposition so long as the social security number is not a part of the record.

2.

Identify and provide last known address and phone number of each person whom you believe:

(a)     may have knowledge of facts concerning the incident, your injuries, any discoverable matter or relevant information;

(b)     you expect to call as an expert witness at trial and for each such expert witness state the subject matter to which he or he is expected to testify; and

(c)     may have investigated any aspect of the incident or your claims of injury and damage.

*RESPONSE:*

Plaintiff objects to answering this interrogatory at the present time for the reason that it calls for opinions or contentions that relate to facts or the application of law to fact, and Plaintiff shows that any response to this interrogatory at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an order that this interrogatory need not be answered until after the completion of discovery or some later time. Subject to the foregoing objection and without waiving same, Plaintiff states that Ashley Gunter, LaShawn Martin and Altheia Bush, were eye-witnesses to the incident and their contact information is included in the attached accident report.  The police officer at the scene, Plaintiff's attorneys, adjusters and representatives employed with State Farm Mutual Automobile Insurance Company, medical providers, and opposing counsel all have knowledge of the facts.

3.

State whether there has been a judicial inquiry (for example, a hearing on traffic charges, a commitment hearing, inquest, or previous trial) concerning or involving the incident giving rise to this litigation.  If so, please describe each such proceeding, including:

(a)     the date(s) and place(s); and

(b)      style and case number.

*RESPONSE:*

**Plaintiff states that in the subject accident, the Defendant driver was found at fault for failure to maintain a lane and for fleeing the scene.**

4.

State what medical attention you have received since the incident complained of, setting forth in particular the following:

(a)      the name and address of every physician, surgeon, or practitioner or any healing art who has treated you; and

(b)      the approximate number of visits to each such physician, surgeon, or practitioner of any healing art, including date of first and last visit.

*RESPONSE:*

**Butts County EMS**
**625 West Third Street**
**Suite 14**
**Jackson, GA  30233**
**04/28/2018 – 04/28/2018**

**Wellstar Atlanta Medical Center**
**303 Parkway Drive, N.E.**
**Atlanta, GA  30312**
**04/28/2018 – 05/01/2018**

**MedCross Imaging**
**755 Mount Vernon Highway**
**Sandy Springs, GA  30328**
**06/11/2018 – 06/11/2018**

**South Fulton Emergency Physician**
**P.O. Box 22084**
**Belfast, ME  04915**
**04/28/2018 – 04/28/2018**

**Polaris Spine & Neurology Center**
**1150 Hammond Drive**
**Suite E-400**
**Atlanta, GA  30328**

Dominion Orthopaedic Clinic
5555 Peachtree Dunwoody Road
Atlanta, GA  30342

Plaintiff reserves the right to supplement his response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).

5.

Have you been hospitalized at any time since the incident complained of?  If so, state the following:

    (a)    the name(s) and address(es) of each hospital;

    (b)    the date or dates of any treatment received in a hospital;

    (c)    the nature of the treatment rendered in each such hospital; and

    (d)    the name(s) and address(es) of your attending physician(s).

*RESPONSE:*

Plaintiff states he was in the hospital for four days due to the subject accident at Wellstar Atlanta Medical Center, 303 Parkway Drive, N.E., Atlanta, GA  30312 from 04/28/2018 – 05/01/2018.

6.

To your knowledge, information, or belief, have any of the physicians, surgeons, practitioners of any healing art or hospitals referred to above, made any reports, statements, or bills concerning your medical condition?  If so, please list the providers.

*RESPONSE:*

Please see response to Interrogatory No. 4, above.  Plaintiff has attached all documents in his possession responsive to this request.  Plaintiff reserves the right to supplement his response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).

7.

Were you ever hospitalized for any reason prior to the incident complained of?  If so, state the following:

    (a)    the name and address of each hospital;

(b)     the date or dates of any treatment received in a hospital; and

(c)     the name and address of your treating physician.

*RESPONSE:*

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiving same, Plaintiff states that in 1985, Plaintiff states while he was in the Army he was in the hospital for cellulitis in his left ankle and had fully recovered.**

8.

State what medical surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you have received before the accident, including:

(a)     the date(s) of each such care, treatment, procedure or examination;

(b)     the care, treatment(s) or examination(s) which you received; and

(c)     the names(s) and address(es) of the physician(s), surgeon(s), or other practitioner(s) of any healing art from whom you received each such care, treatment, procedure or examination.

*RESPONSE:*

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiving same, Plaintiff states see response to Interrogatory No. 7, above and that he had not been to the doctor before the accident since 2003 or 2004. He was diagnosed with high blood pressure at that time.**

9.

Prior or subsequent to the incident complained of, have you ever suffered from a similar injury or medical condition? If so, please state the following:

(a)     describe such injury;

(b)     when and where such injury was sustained; and

(c)     whether a claim for personal injury was made by you and, if so, against whom such claim was made.

*RESPONSE:*

*No.*

10.

Prior or subsequent to this litigation, were you ever a plaintiff or defendant in a lawsuit of any kind?  If so, please state the following:

    (a)    whether you were plaintiff or defendant;

    (b)    the name of all other parties thereof;

    (c)    the name and address of the court where such action was filed;

    (d)    the year in which such action was filed; and

    (e)    the outcome of such lawsuit.

*RESPONSE:*

    **Plaintiff states that he filed bankruptcy three times, last one being 2007, which he was discharged from.   All three bankruptcies were in the Middle District of Georgia.**

11.

Have you been involved in an accident BEFORE or AFTER the accident which is the subject matter of this litigation?  If your answer is in the affirmative, please state the following:

    (a)    date, time, and place of occurrence;

    (b)    name, address, and telephone number of all parties involved in said accident;

    (c)    address of investigating police department;

    (d)    personal injuries, if any, which you received in such accident;

    (e)    name and address of any health care facility and physicians who have treated you for said injury;

    (f)    short description of how accident occurred; and

    (g)    have you filed any claim for personal injury or property damage?

*RESPONSE:*

**Plaintiff objects to this request to the extent that same is vague, overly broad, and**

unduly burdensome.  Subject to the foregoing objection and without waiving same, In the spring, 2018, Plaintiff rear-ended a vehicle in the City of Atlanta with no injuries.

12.

Please itemize (a) all special damages that you claim in this litigation and (b) all physical and mental injuries you allege you received in this accident.

> *RESPONSE:*
>
> | | |
> |---|---|
> | Butts County EMS | TBD |
> | Wellstar Atlanta Medical Center | $56,855.54 |
> | South Fulton Emergency Physician | $ 1,400.00 |
> | Diagnostic Imaging | $   747.00 |
> | Dominion Orthopaedic Clinic | TBD |
> | Polaris Spine & Neurology Center | TBD |

Plaintiff reserves the right to supplement his response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).

13.

State the name and address of your employer, if any, on the date of the incident complained of and your total salary, commissions, or other compensation.

> *RESPONSE:*
> Eagle Pest Control
> 200 Gunthers Mill Road
> Byron, Georgia 30118
> $28,000.00

14.

Describe any activity in which you could engage before the accident which you cannot engage in now as a result of the injuries received in this accident.

**RESPONSE:**
**Plaintiff states he cannot carry or lift as much as he did prior to the accident.**

15.

If you are claiming lost earnings, please state:

(a)     each and every basis, fact and circumstance upon which you rely for each such claim;

(b)     if there has been any change in your occupation(s), employer(s), duties or earnings since the accident, please describe each such change; and

(c)     if your alleged injuries have prevented you from working at any time since the accident referenced in the complaint, state:

    (1)     the date or dates that you were unable to work because of your injuries and what earnings, if any, you lost by reason of each such date of not working; and

    (2)     whether you have received any payment (Workmen's Compensation, sick leave pay, disability insurance, income protection insurance or other) on account of any such loss of time from work or loss of earnings and the amount of source of such payment.

*RESPONSE:*

Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiving same, Plaintiff states he is back to working full-time and has attached his wage loss documentation to his responses to Defendant's Request for Production of Documents.

16.

If you have received or are entitled to receive compensation from a third party, (including employers, personal injury protection and/or insurance companies) for any of the expenses, lost wages or damages allegedly incurred in the incident giving rise to this litigation, please provide the following information:

(a)     identify the source of such rights of payment;

(b)     if the source was an insurance company, state the policy and/or claim number;

(c)     identify the person(s) with whom you communicated concerning payments;

(d)     itemize the payments which you have received, specifying the expenses for which compensation was paid; and

(e)     if a workers compensation claim has been made or if you have otherwise suffered a personal injury since the accident, please state the claim number, the date of the injury, and itemize all payments received as a result of that claim.

*RESPONSE:*

Plaintiff objects to this Interrogatory on the grounds that it seeks to discover information which is neither admissible at the trial, reasonably calculated to lead to the discovery of admissible evidence. See <u>Denton vs. Con-way Express, Inc.</u>, 261 Ga. 41, 402 S.E.2d 269 (1991). Subject to the foregoing objection and without waiving same, Plaintiff has not received any third party compensation.

17.

With regard to each and every (i) STATE FARM POLICY under which you are claiming uninsured motorist benefits and (ii) policy of insurance under which you are the named insured or

have paid all or part of the policy premium, please;

    (a)     identify the named insured(s);

    (b)     identify the issuing insurance company(s);

    (c)     state the policy number(s);

    (d)     identify the make, model and year of each covered vehicle;

    (e)     state the amount of uninsured motorist coverage; and

    (f)     identify the agent with whom the named insured dealt.

**RESPONSE:**

**David Pearson, State Farm Mutual Automobile Insurance Company, 846489411 - 2016 Cynergy Utility, 888578711 - 2006 Honda Motorcycle, 4538678C11 - 2010 Nissan Titan and Michael Pearson, 068946011 - 2014 Chevrolet Cruze.**

18.

If there was a policy of automobile liability insurance which you contend or, on information and belief, allege provided coverage to the owner or operator of any allegedly uninsured motor vehicle involved in the referenced accident, as to each policy please identify:

    (a)     the named insured(s);

    (b)     the issuing insurance company(s);

    (c)     the policy and claim number(s);

    (d)     the adjuster(s) with whom you or anyone acting on your behalf has been in contact;

    (e)     the limits of liability coverage(s); and

    (f)     any basis for a denial of coverage, a reservation of rights or a non-waiver agreement.

**RESPONSE:**

**Plaintiff states that the liability insurance is unknown at this time.**

19.

Have you ever been arrested?  If so, with regard to each such arrest, please state the date, the offense for which you were arrested, the place where you were arrested, the Court handling the charges, the plea you entered and the disposition of the charges.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that the information sought is beyond the scope of discovery, it is not relevant, and it is not reasonably calculated to lead to the discovery of admissible evidence.  Georgia law is clear that only admissible convictions are for those felonies and misdemeanors involving moral turpitude.  Subject to the foregoing objection and without waiving same, Plaintiff states that he was arrested for domestic violence while going through a divorce.**

20.

Please state whether any enforceable liens or subrogation rights may be asserted, and whether or not you have received notice of any such lien or subrogation right that may be enforced, against any potential settlement proceeds or judgment in this action.  For purposes of this interrogatory, the term "enforceable liens or subrogation rights" shall include but not be limited to liens claimed under O.C.G.A. §44-14-470 et. seq. (hospital liens); O.C.G.A. §49-9-149 (Georgia Department of Medical Assistance Liens); O.C.G.A. §49-9-14 (State of Georgia, Department of Human Resources, Division of Rehabilitation Service liens); 42 U.S.C.A. §1395y (b)(1) or 42 U.S.C.A. §1396a (25) (subrogation rights for Medicare benefits); and 42 U.S.C.A §2651, et. seq. (subrogation rights arising under the Medical Care Recovery Act, i.e., for benefits paid pursuant to CHAMPUS), and any alleged lien, subrogation claim and right of assignment or reimbursement from any individual or group health or medical insurance company that paid any benefits to you or on your behalf.

**RESPONSE:**

**Plaintiff states that he has a medical lien with Injury Finance, LLC in the amount of $6,302.00.**

21.

At any time before the accident, at the time of the accident, or after the accident, were you receiving any benefits from social security, workmans' compensation, disability insurance, Medicare or Medicaid? If so, please state:

    (a)    the type of benefit, amount of benefit and dates for which benefits were applied;

    (b)    the payee of the benefits, the nature of the medical conditions for which the benefits were paid, and its relationship to the accident.

**RESPONSE:**
**None.**

22.

Are you aware of any lien for recovery of payments asserted by the Social Security Administration or any entity on its behalf, such as Medicare or the Center for Medicare and Medicaid Services (CMS), as a result of payments identified in interrogatory 21 above? If so, please state:

    (a)    the amount of such lien;

    (b)    the date you were notified of the lien;

    (c)    the relationship of the amount of the lien asserted and the accident.

**RESPONSE:**
**None.**

23.

With respect to all insurance coverage which may be available to you as a result of the incident which is the subject of this lawsuit, please state the following:

    (a)    the name and address of any insurance company which may provide insurance coverage to you, your vehicle, or the vehicle in which you were driving or riding as a passenger at the time of this accident;

    (b)    the total amount of such benefits available to you from each source referred to

in sub-section (a), specifying the amount available from each source;

(c)     whether notice of potential responsibility as a result of the incident upon which the lawsuit is based has been provided to any of the sources listed in your response to sub-section (a) above, specifying the date, the form, and the method of such notice;

(d)     for each source described in sub-section (a) of this interrogatory, please state in detail all facts upon which you base your contention that the source may provide insurance benefits;

(e)     the number of the policy provided by each source described in sub-section (a) of this interrogatory which you allege may provide coverage for the incident described in the Plaintiff's complaint, and the limits of the coverage of the policy;

(f)     the name and the address of the individual or entity which paid the premium for insurance coverage to each source listed in your response to sub-section (a) of this interrogatory; and

(g)     the named insured on any policy available from any source listed in sub-section (a) and describe your relationship to the insured.

*RESPONSE:*

Plaintiffs object to this Interrogatory on the grounds that it seeks to discover information which is neither admissible at the trail, reasonably calculated to lead to the discovery of admissible evidence. See <u>Denton vs. Con-way Express, Inc.,</u> 261 Ga. 41, 402 S.E.2d 269 (1991).

Subject to the foregoing, at this time Plaintiff is only aware of the State Farm policies referenced above.

24.

Regarding your claim that the Defendant is uninsured or underinsured, please state all facts which support your claim, including your understanding of the limits of insurance you believe are available from Defendant, Dollar General Corporation, Werner Enterprises, Inc., and John Doe as well as the name of each insurer and the policy number of each such policy of insurance available to Defendant, Dollar General Corporation, Werner Enterprises, Inc. and John Doe.

*RESPONSE:*

Plaintiffs object to this Interrogatory on the grounds that it seeks to discover information which is neither admissible at the trail, reasonably calculated to lead to the discovery of admissible evidence. See <u>Denton vs. Con-way Express, Inc.,</u> 261 Ga. 41, 402 S.E.2d 269 (1991). Without waiving said objection, Plaintiff states that the identity of the John Doe driver is unknown at this time. Witnesses confirmed that the trailer had Dollar General's emblem on it, but the identity of the truck or driver pulling the trailer is unknown.

25.

Please set forth in detail how the incident which forms the basis of your complaint occurred.

*RESPONSE:*

Plaintiff objects to this interrogatory to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that he has not been able to take depositions in this action or otherwise complete his investigation of the same, and, therefore, any response to Defendant's interrogatories which calls for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" interrogatories need not be answered until after the completion of discovery or some later time.

Subject to the foregoing objection and without waiving same, Plaintiff refers Defendant to the accident report attached to Plaintiff's Responses to Defendant's Requests for Production of Documents to Plaintiff, and notes that a truck pulling a Dollar General trailer pulled into Plaintiff's lane causing Plaintiffs' motorcycle to crash.

1.

Please produce all statements and/or reports made or given by any person subject to identification in response to Interrogatory No. 2.

**RESPONSE:**

**Plaintiff has attached all documents in his possession responsive to this request.**

2.

Please produce all photographs, models, diagrams, and/or drawings of (a) the scene of the incident(s) referenced in the Complaint; (b) any object involved in the incident(s) and/or (c) any person involved in the incident(s).

**RESPONSE:**

**Plaintiff has attached all documents in his possession responsive to this request.**

3.

Please produce any traffic citations, accident reports, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation, including, without limitation, any documents or transcripts referenced in your answer to Interrogatory No. 3.

**RESPONSE:**

**Plaintiff has attached all documents in his possession responsive to this request.**

4.

Please produce all charts, reports, statements, bills or other documents concerning any medical examination or treatment received by you, including, without limitation, documents subject to identification in response to Interrogatories 4, 5, and 6.

**RESPONSE:**

**Plaintiff has attached all documents in his possession responsive to this request.  Plaintiff reserves the right to supplement his response to this Request in accordance with O.C.G.A. § 9-11-26(e).**

5.

Please produce all bills, statements of accounts, cancelled checks, receipts or other documents which evidence any special damages which you seek in this litigation.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

6.

Please produce all policies of insurance [including, without limitation, policies applicable (a) to you, (b) to the vehicle in which you were riding at the time of your alleged injury, and (c) to any person(s) resident in the household in which you were residing on the date of the accident] and/or other documents establishing your right to compensation from other persons or insurance company(s) for losses incurred as a result of the incident referenced in the Complaint.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

7.

If you are claiming a loss of income or a reduction in your ability in the future to labor, please:

(a)     produce all books, documents or other tangible things which prove, support or constitute evidence of any fact or circumstances on which you base your claim of lost earnings;

(b)     Please produce your Federal and State Income Tax returns, W-2, and 1099 forms for three (3) years before the date of the incident(s) referenced in the Complaint and for each year since the incident; and

(c)     Please produce all check stubs, receipts, record of deposits, drafts and any other documents reflecting earnings or salary for the period of one year prior to this accident.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

8.

Please produce any document or thing which you contend is evidence, proof or support of the Defendant's alleged negligence, including any admissions of fault, for the accident which is the subject of this lawsuit.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

9.

Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage incurred as a result of the incident(s) referenced in the Complaint.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

10.

Please produce all diaries, memoranda, notes or other documents which are kept or prepared by you concerning your physical and/or mental condition for a period beginning two (2) years prior to the incident(s) referenced in the Complaint.

*RESPONSE:*

**Plaintiff is not in possession of any documentation responsive to this request.**

11.

Please produce the certificate or title for the vehicle involved in the incident giving rise to this Complaint.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

12.

Please produce all documents concerning any automobile accidents or personal injuries other than those alleged to have arisen from the accident referenced in the Complaint.

*RESPONSE:*

**Plaintiff is not in possession of any documentation responsive to this request.**

13.

Please produce all documents concerning or relating to any claim by you made at any time for Workers' Compensation, Personal Injury Protection, or benefits from any governmental agency or insurance company.

*RESPONSE:*

**Plaintiff is not in possession of any documentation responsive to this request.**

14.

Please produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage [e.g., loan receipt(s), release(s), etc.].

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

15.

Please produce a copy of any deposition or sworn statement ever given by you.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

16.

Please produce the application for benefits signed by you with regard to any claim for no-fault or personal injury protection benefits.

*RESPONSE:*

**Plaintiff has attached all documents in his possession responsive to this request.**

17.

Please produce a copy of all transcript(s) of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial or any other judicial or quasi-judicial hearing related to (a) any occurrence in which you claimed injuries to the parts of your body allegedly injured in this occurrence, (b) any such proceeding in which you have been a party claiming bodily injuries or damages, and (c) any such proceeding arising out of the occurrence referred to in your Complaint.

**RESPONSE:**

**Plaintiff has attached all documents in his possession responsive to this request.**

This 17th day of December, 2018.

KENNETH S. NUGENT, P.C.

William G. Hammill
Georgia Bar No.: 943334
Dexter J. Youmans
Georgia Bar No.: 912317
Jan P. Cohen
Georgia Bar No.: 174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:     (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

DAVID PEARSON, and                          :
SANDRA PEARSON,                             :
                                            :
        Plaintiffs,                         :
                                            :
                                            :        CIVIL ACTION
vs.                                         :
                                            :        FILE NO.: 18-A-2380
                                            :
JOHN DOE,                                   :
DOLLAR GENERAL CORPORATION,                 :
and WERNER ENTERPRISES, INC.,               :
                                            :
        Defendants.                         :
_____:

## CERTIFICATE OF SERVICE

This is to certify that counsel of record in the foregoing matter has been served with a copy of

*Plaintiff David Pearson's Responses to Non-Party Defendant State Farm Mutual Automobile*

*Insurance Company's First Interrogatories and First Request for Production of Documents* by

depositing same in the United States Mail with sufficient postage affixed thereto to ensure delivery

addressed to:

Stephanie V. Chavies
Lynn Leonard & Associates
2400 Century Parkway, Suite 200
Atlanta, GA 30345

*Attorney for State Farm Mutual Automobile Insurance Company*

Scott H. Moulton
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, GA 30303

*Attorney for Defendant Werner Enterprises, Inc.*

and

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, N.E., Suite 300
Atlanta, GA 30309

*Attorney for Defendant Dollar General Corporation*

Respectfully submitted this 17th day of December, 2018.

KENNETH S. NUGENT, P.C.

William G. Hammill
Georgia Bar No.: 943334
Dexter J. Youmans
Georgia Bar No.: 912317
Jan P. Cohen
Georgia Bar No.: 174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone: (770) 495-6603
Fax:    (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

DAVID PEARSON, and                    :
SANDRA PEARSON,                       :
                                      :
        Plaintiffs,                   :
                                      :       CIVIL ACTION
                                      :
vs.                                   :       FILE NO.: 18-A-2380
                                      :
JOHN DOE,                             :
DOLLAR GENERAL CORPORATION,           :
and WERNER ENTERPRISES, INC.,         :
                                      :
        Defendants.                   :
_____   :

### PLAINTIFF SANDRA PEARSON'S RESPONSES TO NON-PARTY DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Sandra Pearson ("Plaintiff") in the above-captioned action, and herewith respond to Non-Party Defendant State Farm Mutual Automobile Insurance Company's First Interrogatories, and Request for Production of Documents, as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

(1)

The Plaintiff objects to each and every interrogatory to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that she has not been able to take depositions in this action or otherwise complete her investigation of the same, and, therefore, any response to Defendant's interrogatories which calls for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" interrogatories need not be answered until after the completion of discovery or some later time.

(2)

The Plaintiff objects to each and every interrogatory to the extent that it would require the Plaintiff to respond by disclosing her attorney's or any other of their representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product or the like, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

(3)

The Plaintiff objects to each and every interrogatory to the extent that it, whether standing alone, or taken in conjunction with any and all other interrogatories, is calculated, or would operate, to annoy, embarrass, oppress, unduly burden, or unduly cause expense to the Plaintiff or would be unduly vexatious or unduly burdensome to respond to, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "undue burden").

(4)

The Plaintiff objects to each and every interrogatory to the extent that it requires the Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "irrelevancy").

(5)

The Plaintiff objects to each and every interrogatory to the extent that it would require Plaintiff to respond by waiving their attorney client privilege, on the ground that said interrogatory exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the ground of "privilege").

(6)

Plaintiff objects to the preface to the interrogatories propounded by Defendant and the definitions and instructions included therein to the extent that such preface or definitions impose or seek to impose requirements which are in excess of or inconsistent with the requirements of the Georgia Civil Practice Act.

(7)

Without waiving or prejudicing her right to assert these general objections or any other objections which may be set forth herein, and in a good faith effort to provide the information available to the Plaintiff at this stage of the discovery and the investigative process in this litigation, the Plaintiff will provide responsive and non-objectionable information now available to her with regard to certain of the interrogatories.

(8)

Insofar as any of the Defendant's interrogatories seek information to which the foregoing General Objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to any interrogatory.

(9)

Plaintiff specifically reserves the right to supplement, amend, add to, or delete any portion of these Responses based on information that may be developed during the course of discovery proceedings in this case.

## **INTERROGATORIES**

1.

Please state your full name, all aliases and/or formal names you have previously used, your date of birth and social security number.

*RESPONSE:*

Sandra Kay Poag Pearson, 10/11/1967.  Plaintiff objects to providing her social security number.  Plaintiff is willing to provide this information to counsel at the time of her deposition so long as the social security number is not a part of the record.

2.

Identify and provide last known address and phone number of each person whom you believe:

(a)   may have knowledge of facts concerning the incident, your injuries, any discoverable matter or relevant information;

(b)   you expect to call as an expert witness at trial and for each such expert witness state the subject matter to which he or she is expected to testify; and

(c)   may have investigated any aspect of the incident or your claims of injury and damage.

*RESPONSE:*

**Plaintiff objects to answering this interrogatory at the present time for the reason that it calls for opinions or contentions that relate to facts or the application of law to fact, and Plaintiff shows that any response to this interrogatory at the present time would be premature.  Accordingly, Plaintiff hereby moves the Court for an order that this interrogatory need not be answered until after the completion of discovery or some later time. Subject to the foregoing objection and without waiving same, Plaintiff states that Ashley Gunter, LaShawn Martin and Altheia Bush, were eye-witnesses to the incident and their contact information is included in the attached accident report.  The police officer at the scene, Plaintiff's attorneys, adjusters and representatives employed with State Farm Mutual Automobile Insurance Company, medical providers, and opposing counsel all have knowledge of the facts.**

3.

State whether there has been a judicial inquiry (for example, a hearing on traffic charges, a commitment hearing, inquest, or previous trial) concerning or involving the incident giving rise to this litigation.  If so, please describe each such proceeding, including:

(a)     the date(s) and place(s); and

(b)     style and case number.

*RESPONSE:*

**Plaintiff states that in the subject accident, the Defendant driver was found at fault for failure to maintain a lane and for fleeing the scene.**

4.

State what medical attention you have received since the incident complained of, setting forth in particular the following:

(a)     the name and address of every physician, surgeon, or practitioner or any

healing art who has treated you; and

(b)     the approximate number of visits to each such physician, surgeon, or

practitioner of any healing art, including date of first and last visit.

*RESPONSE:*

**Life Flight – Air Methods**
**P.O.  Box 2532**
**Fontana, CA  92335**
**04/28/2018 – 04/28/2018**

**Wellstar Atlanta Medical Center**
**303 Parkway Drive, N.E.**
**Atlanta, GA  30312**
**04/28/2018 – 05/06/18**

**South Fulton Emergency Physician**
**P.O. Box 22084**
**Belfast, ME  04915**
**04/28/2018 – 04/28/2018**

Dominion Orthopaedic Clinic
5555 Peachtree Dunwoody Road
Atlanta, GA  30342
05/30/2018 – 06/15/2018

MedCross Imaging
755 Mount Vernon Highway
Sandy Springs, GA  30328
06/11/2018 – 06/11/2018

Peachtree Orthopaedic
2001 Peachtree Road
Suite 705
Atlanta, GA  30309
07/30/2018 – 10/15/2018

Benchmark Physical Therapy
2255 Peachtree Road
Atlanta, GA  30309
12/12/2018 – 12/12/2018

5.

Have you been hospitalized at any time since the incident complained of?  If so, state the following:

(a)     the name(s) and address(es) of each hospital;

(b)     the date or dates of any treatment received in a hospital;

(c)     the nature of the treatment rendered in each such hospital; and

(d)     the name(s) and address(es) of your attending physician(s).

*RESPONSE:*

Please see response to Interrogatory No. 4, above.  Additionally, Plaintiff had surgery on her arm at Peachtree Orthopaedic on December 6, 2018.  Plaintiff reserves the right to supplement her response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).

6.

To your knowledge, information, or belief, have any of the physicians, surgeons, practitioners of any healing art or hospitals referred to above, made any reports, statements, or bills concerning your medical condition?  If so, please list the providers.

*RESPONSE:*

Please see response to Interrogatory No. 4, above.   Plaintiff has attached all documents in her possession responsive to this request.   Plaintiff reserves the right to supplement her response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).

7.

Were you ever hospitalized for any reason prior to the incident complained of?  If so, state the following:

(a)    the name and address of each hospital;

(b)    the date or dates of any treatment received in a hospital; and

(c)    the name and address of your treating physician.

*RESPONSE:*

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome.  Subject to the foregoing objection and without waiving same, Plaintiff states approximately 7 years ago, she had Gallbladder surgery and a hysterectomy.  These were performed at Navicent Health Center, f/k/a Medical Center of Central Georgia in Macon Georgia, 777 Helmlock Street, Macon, Georgia 31201.**

8.

State what medical surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you have received before the accident, including:

(a)    the date(s) of each such care, treatment, procedure or examination;

(b)    the care, treatment(s) or examination(s) which you received; and

(c)    the names(s) and address(es) of the physician(s), surgeon(s), or other practitioner(s) of any healing art from whom you received each such care, treatment, procedure or examination.

*RESPONSE:*

Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiving same, Plaintiff states that she has had 9 surgeries on her left knee due to a prior automobile accident and a fall at work in 1990. Plaintiff also states she has had surgery on her left arm at the Hughston Orthopaedic Hospital, 6262 Veterans Parkway, Columbus, Georgia 31908.

9.

Prior or subsequent to the incident complained of, have you ever suffered from a similar injury or medical condition? If so, please state the following:

(a)     describe such injury;

(b)     when and where such injury was sustained; and

(c)     whether a claim for personal injury was made by you and, if so, against whom such claim was made.

*RESPONSE:*

None.

10.

Prior or subsequent to this litigation, were you ever a plaintiff or defendant in a lawsuit of any kind? If so, please state the following:

(a)     whether you were plaintiff or defendant;

(b)     the name of all other parties thereof;

(c)     the name and address of the court where such action was filed;

(d)     the year in which such action was filed; and

(e)     the outcome of such lawsuit.

*RESPONSE:*

Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome.  Subject to the foregoing objection and without waiving same, Plaintiff, in the 1980s, fell in a restroom at a theater and an attorney she had at that time got her doctor bills paid for.  Plaintiff did not suffer any injuries.

Also, in 1990, Plaintiff fell while in the scope of her employment with Krispy Kreme injuring her left leg.  Plaintiff was compensated for her pain and suffering and fully recovered from her injuries.

Additionally, Plaintiff states that she filed bankruptcy three times, last one being 2007, which he was discharged from.   All three bankruptcies were in the Middle District of Georgia.

11.

Have you been involved in an accident BEFORE or AFTER the accident which is the subject matter of this litigation?  If your answer is in the affirmative, please state the following:

(a)     date, time, and place of occurrence;

(b)     name, address, and telephone number of all parties involved in said accident;

(c)     address of investigating police department;

(d)     personal injuries, if any, which you received in such accident;

(e)     name and address of any health care facility and physicians who have treated you for said injury;

(f)     short description of how accident occurred; and

(g)     have you filed any claim for personal injury or property damage?

*RESPONSE:*

**Please see responses to Interrogatory Nos. 7, 8 and 10, above.**

12.

Please itemize (a) all special damages that you claim in this litigation and (b) all physical and mental injuries you allege you received in this accident.

**RESPONSE:**

| | |
|---|---|
| **Life Flight – Air Methods** | $52,054.57 |
| **Wellstar Atlanta Medical Center** | $80,374.77 |
| **South Fulton Emergency Physician** | $ 1,180.00 |
| **Dominion Orthopaedic Clinic** | $ 1,526.00 |
| **MedCross Imaging** | $ 1,716.00 |
| **Peachtree Orthopaedic (currently)** | $10,729.00 |
| **Benchmark Physical Therapy** | $TBD |

**Plaintiff reserves the right to supplement her response to this Interrogatory in accordance with O.C.G.A. § 9-11-26(e).**

13.

State the name and address of your employer, if any, on the date of the incident complained of and your total salary, commissions, or other compensation.

**RESPONSE:**

**Eagle Pest Control**
**200 Gunthers Mill Road**
**Byron, Georgia 30118**
**$28,000.00**

14.

Describe any activity in which you could engage before the accident which you cannot engage in now as a result of the injuries received in this accident.

**RESPONSE:**

**Plaintiff states she can no longer do all of her household chores utilizing right hand, cannot stand for long periods of time, has regular pain in her hand, and has difficulty using her hand for everyday activities.**

15.

If you are claiming lost earnings, please state:

(a)     each and every basis, fact and circumstance upon which you rely for each

        such claim;

(b)     if there has been any change in your occupation(s), employer(s), duties or

        earnings since the accident, please describe each such change; and

(c)     if your alleged injuries have prevented you from working at any time since

        the accident referenced in the complaint, state:

    (1)     the date or dates that you were unable to work because of

            your injuries and what earnings, if any, you lost by reason of

            each such date of not working; and

    (2)     whether you have received any payment (Workmen's

            Compensation, sick leave pay, disability insurance, income

            protection insurance or other) on account of any such loss of

            time from work or loss of earnings and the amount of source

            of such payment.

**RESPONSE:**

**Plaintiff objects to this request to the extent that same is vague, overly broad, and unduly burdensome. Subject to the foregoing objection and without waiving same, Plaintiff states she is back to working full-time and has attached her wage loss documentation to her responses to Defendant's Request for Production of Documents.**

16.

If you have received or are entitled to receive compensation from a third party, (including

employers, personal injury protection and/or insurance companies) for any of the expenses, lost

wages or damages allegedly incurred in the incident giving rise to this litigation, please provide

the following information:

(a)     identify the source of such rights of payment;

(b)     if the source was an insurance company, state the policy and/or claim number;

(c)     identify the person(s) with whom you communicated concerning payments;

(d)     itemize the payments which you have received, specifying the expenses for which compensation was paid; and

(e)     if a workers compensation claim has been made or if you have otherwise suffered a personal injury since the accident, please state the claim number, the date of the injury, and itemize all payments received as a result of that claim.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks to discover information which is neither admissible at the trial, reasonably calculated to lead to the discovery of admissible evidence. See Denton vs. Con-way Express, Inc., 261 Ga. 41, 402 S.E.2d 269 (1991). Subject to the foregoing objection and without waiving same, Plaintiff has not received any third party compensation.**

17.

With regard to each and every (i) STATE FARM POLICY under which you are claiming uninsured motorist benefits and (ii) policy of insurance under which you are the named insured or have paid all or part of the policy premium, please;

(a)     identify the named insured(s);

(b)     identify the issuing insurance company(s);

(c)     state the policy number(s);

(d)     identify the make, model and year of each covered vehicle;

(e)     state the amount of uninsured motorist coverage; and

    (f)      identify the agent with whom the named insured dealt.

**RESPONSE:**

**David Pearson, State Farm Mutual Automobile Insurance Company, 846489411 - 2016 Cynergy Utility, 888578711 - 2006 Honda Motorcycle, 4538678C11 - 2010 Nissan Titan and Michael Pearson, 068946011 - 2014 Chevrolet Cruze.**

18.

If there was a policy of automobile liability insurance which you contend or, on information and belief, allege provided coverage to the owner or operator of any allegedly uninsured motor vehicle involved in the referenced accident, as to each policy please identify:

    (a)      the named insured(s);

    (b)      the issuing insurance company(s);

    (c)      the policy and claim number(s);

    (d)      the adjuster(s) with whom you or anyone acting on your behalf has been in contact;

    (e)      the limits of liability coverage(s); and

    (f)      any basis for a denial of coverage, a reservation of rights or a non-waiver agreement.

**RESPONSE:**

**Plaintiff states that the liability insurance is unknown at this time.**

19.

Have you ever been arrested?  If so, with regard to each such arrest, please state the date, the offense for which you were arrested, the place where you were arrested, the Court handling the charges, the plea you entered and the disposition of the charges.

**RESPONSE:**

**No.**

20.

Please state whether any enforceable liens or subrogation rights may be asserted, and whether or not you have received notice of any such lien or subrogation right that may be enforced, against any potential settlement proceeds or judgment in this action. For purposes of this interrogatory, the term "enforceable liens or subrogation rights" shall include but not be limited to liens claimed under O.C.G.A. §44-14-470 et. seq. (hospital liens); O.C.G.A. §49-9-149 (Georgia Department of Medical Assistance Liens); O.C.G.A. §49-9-14 (State of Georgia, Department of Human Resources, Division of Rehabilitation Service liens); 42 U.S.C.A. §1395y (b)(1) or 42 U.S.C.A. §1396a (25) (subrogation rights for Medicare benefits); and 42 U.S.C.A §2651, et. seq. (subrogation rights arising under the Medical Care Recovery Act, i.e., for benefits paid pursuant to CHAMPUS), and any alleged lien, subrogation claim and right of assignment or reimbursement from any individual or group health or medical insurance company that paid any benefits to you or on your behalf.

*RESPONSE:*

**Plaintiff states that she has medical liens with MedCross Imaging, Wellstar Atlanta Medical Center, Peachtree Orthopaedic, Cherokee Funding and Injury Finance, LLC.**

21.

At any time before the accident, at the time of the accident, or after the accident, were you receiving any benefits from social security, workmans' compensation, disability insurance, Medicare or Medicaid? If so, please state:

    (a)    the type of benefit, amount of benefit and dates for which benefits were applied;

    (b)    the payee of the benefits, the nature of the medical conditions for which the benefits were paid, and its relationship to the accident.

*RESPONSE:*

**None.**

22.

Are you aware of any lien for recovery of payments asserted by the Social Security Administration or any entity on its behalf, such as Medicare or the Center for Medicare and Medicaid Services (CMS), as a result of payments identified in interrogatory 21 above?  If so, please state:

(a)     the amount of such lien;

(b)     the date you were notified of the lien;

(c)     the relationship of the amount of the lien asserted and the accident.

*RESPONSE:*

**None.**

23.

With respect to all insurance coverage which may be available to you as a result of the incident which is the subject of this lawsuit, please state the following:

(a)     the name and address of any insurance company which may provide insurance coverage to you, your vehicle, or the vehicle in which you were driving or riding as a passenger at the time of this accident;

(b)     the total amount of such benefits available to you from each source referred to in sub-section (a), specifying the amount available from each source;

(c)     whether notice of potential responsibility as a result of the incident upon which the lawsuit is based has been provided to any of the sources listed in your response to sub-section (a) above, specifying the date, the form, and the method of such notice;

(d)     for each source described in sub-section (a) of this interrogatory, please

state in detail all facts upon which you base your contention that the source

may provide insurance benefits;

(e)     the number of the policy provided by each source described in sub-section

(a) of this interrogatory which you allege may provide coverage for the

incident described in the Plaintiff's complaint, and the limits of the coverage

of the policy;

(f)     the name and the address of the individual or entity which paid the premium

for insurance coverage to each source listed in your response to sub-section

(a) of this interrogatory; and

(g)     the named insured on any policy available from any source listed in sub-

section (a) and describe your relationship to the insured.

**RESPONSE:**

**Plaintiffs object to this Interrogatory on the grounds that it seeks to discover information which is neither admissible at the trail, reasonably calculated to lead to the discovery of admissible evidence. See _Denton vs. Con-way Express, Inc.,_ 261 Ga. 41, 402 S.E.2d 269 (1991).**

24.

Regarding your claim that the Defendant is uninsured or underinsured, please state all facts

which support your claim, including your understanding of the limits of insurance you believe are

available from Defendant, Dollar General Corporation, Werner Enterprises, Inc., and John Doe as

well as the name of each insurer and the policy number of each such policy of insurance available

to Defendant, Dollar General Corporation, Werner Enterprises, Inc., and John Doe.

*RESPONSE:*

Plaintiffs object to this Interrogatory on the grounds that it seeks to discover information which is neither admissible at the trail, reasonably calculated to lead to the discovery of admissible evidence. See <u>Denton vs. Con-way Express, Inc.,</u> 261 Ga. 41, 402 S.E.2d 269 (1991).  Without waiving said objection, Plaintiff states that the identity of the John Doe driver is unknown at this time.  Witnesses confirmed that the trailer had Dollar General's emblem on it, but the identity of the truck or driver pulling the trailer is unknown.

25.

Please set forth in detail how the incident which forms the basis of your complaint occurred.

*RESPONSE:*

Plaintiff objects to this interrogatory to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that she has not been able to take depositions in this action or otherwise complete her investigation of the same, and, therefore, any response to Defendant's interrogatories which calls for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature.  Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" interrogatories need not be answered until after the completion of discovery or some later time.

Subject to the foregoing objection and without waiving same, Plaintiff refers Defendant to the accident report attached to Plaintiff's Responses to Defendant's Requests for Production of Documents to Plaintiff, and notes that a truck pulling a Dollar General trailer pulled into Plaintiff's lane causing Plaintiffs' motorcycle to crash.

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.

Please produce all statements and/or reports made or given by any person subject to identification in response to Interrogatory No. 2.

*RESPONSE:*

Plaintiff has attached all documents in her possession responsive to this request.

2.

Please produce all photographs, models, diagrams, and/or drawings of (a) the scene of the incident(s) referenced in the Complaint; (b) any object involved in the incident(s) and/or (c) any person involved in the incident(s).

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

3.

Please produce any traffic citations, accident reports, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation, including, without limitation, any documents or transcripts referenced in your answer to Interrogatory No. 3.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

4.

Please produce all charts, reports, statements, bills or other documents concerning any medical examination or treatment received by you, including, without limitation, documents subject to identification in response to Interrogatories 4, 5, and 6.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request. Plaintiff reserves the right to supplement her response to this Request in accordance with O.C.G.A. § 9-11-26(e).**

5.

Please produce all bills, statements of accounts, cancelled checks, receipts or other documents which evidence any special damages which you seek in this litigation.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request. Plaintiff reserves the right to supplement her response to this Request in accordance with**

O.C.G.A. § 9-11-26(e).

6.

Please produce all policies of insurance [including, without limitation, policies applicable (a) to you, (b) to the vehicle in which you were riding at the time of your alleged injury, and (c) to any person(s) resident in the household in which you were residing on the date of the accident] and/or other documents establishing your right to compensation from other persons or insurance company(s) for losses incurred as a result of the incident referenced in the Complaint.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

7.

If you are claiming a loss of income or a reduction in your ability in the future to labor, please:

(a)     produce all books, documents or other tangible things which prove, support or constitute evidence of any fact or circumstances on which you base your claim of lost earnings;

(b)     Please produce your Federal and State Income Tax returns, W-2, and 1099 forms for three (3) years before the date of the incident(s) referenced in the Complaint and for each year since the incident; and

(c)     Please produce all check stubs, receipts, record of deposits, drafts and any other documents reflecting earnings or salary for the period of one year prior to this accident.

**RESPONSE:**

**Plaintiff has attached all documents in her possession responsive to this request.**

8.

Please produce any document or thing which you contend is evidence, proof or support of the Defendant's alleged negligence, including any admissions of fault, for the accident which is the subject of this lawsuit.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

9.

Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage incurred as a result of the incident(s) referenced in the Complaint.

*RESPONSE:*

**Plaintiff has attached all documents in her possession responsive to this request.**

10.

Please produce all diaries, memoranda, notes or other documents which are kept or prepared by you concerning your physical and/or mental condition for a period beginning two (2) years prior to the incident(s) referenced in the Complaint.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

11.

Please produce the certificate or title for the vehicle involved in the incident giving rise to this Complaint.

*RESPONSE:*

**Plaintiff does not have any documents in her possession responsive to this request.**

12.

Please produce all documents concerning any automobile accidents or personal injuries other than those alleged to have arisen from the accident referenced in the Complaint.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

13.

Please produce all documents concerning or relating to any claim by you made at any time for Workers' Compensation, Personal Injury Protection, or benefits from any governmental agency or insurance company.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

14.

Please produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage [e.g., loan receipt(s), release(s), etc.].

*RESPONSE:*

**Plaintiff has attached all documentation in her possession responsive to this request.**

15.

Please produce a copy of any deposition or sworn statement ever given by you.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

16.

Please produce the application for benefits signed by you with regard to any claim for no-fault or personal injury protection benefits.

*RESPONSE:*

**Plaintiff is not in possession of any documents responsive to this request.**

17.

Please produce a copy of all transcript(s) of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial or any other judicial or quasi-judicial hearing related to (a) any occurrence in which you claimed injuries to the parts of your

body allegedly injured in this occurrence, (b) any such proceeding in which you have been a party claiming bodily injuries or damages, and (c) any such proceeding arising out of the occurrence referred to in your Complaint.

**RESPONSE:**

**Plaintiff is not in possession of any documents responsive to this request.**

This 17th day of December, 2018.

KENNETH S. NUGENT, P.C.

William G. Hammill
Georgia Bar No.:  943334
Dexter J. Youmans
Georgia Bar No.:  912317
Jan P. Cohen
Georgia Bar No.:  174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:     (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

DAVID PEARSON, and          :
SANDRA PEARSON,             :
                            :
        Plaintiffs,         :
                            :     CIVIL ACTION
                            :
vs.                         :     FILE NO.: 18-A-2380
                            :
JOHN DOE,                   :
DOLLAR GENERAL CORPORATION, :
and WERNER ENTERPRISES, INC.,:
                            :
        Defendants.         :
_____ :

## CERTIFICATE OF SERVICE

This is to certify that counsel of record in the foregoing matter has been served with a copy

of *Plaintiff Sandra Pearson's Responses to Non-Party Defendant State Farm Mutual*

*Automobile Insurance Company's First Interrogatories and First Request for Production of*

*Documents* by depositing same in the United States Mail with sufficient postage affixed thereto

to ensure delivery addressed to:

Stephanie V. Chavies
Lynn Leonard & Associates
2400 Century Parkway, Suite 200
Atlanta, GA 30345

*Attorney for State Farm Mutual Automobile Insurance Company*

Scott H. Moulton
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, GA  30303

*Attorney for Defendant Werner Enterprises, Inc.*

and

Erica L. Morton
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, N.E., Suite 300
Atlanta, GA  30309

*Attorney for Defendant Dollar General Corporation*

Respectfully submitted this 17th day of December, 2018.

KENNETH S. NUGENT, P.C.

William G. Hammill
Georgia Bar No.:  943334
Dexter J. Youmans
Georgia Bar No.:  912317
Jan P. Cohen
Georgia Bar No.:  174337

*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6603
Fax:      (770) 495-6798
whammill@attorneykennugent.com
dyoumans@attorneykennugent.com
jcohen@attorneykennugent.com

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-2380**

OCT 29, 2018 02:40 PM

*Angie S. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

DAVID PEARSON and SANDRA
PEARSON,

    **Plaintiffs,**

v.

DOLLAR GENERAL CORPORATION,
WERNER ENTERPRISES, INC., and
JOHN DOE,

    **Defendants.**

CIVIL ACTION NO.:
18-A-2380

---

### <u>DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES</u>

---

COMES NOW, **WERNER ENTERPRISES, INC.**, a Defendant in the above-styled matter, and files the following Answer and Defenses to Plaintiffs' Complaint for Damages, showing the Honorable Court as follows:

#### <u>FIRST DEFENSE</u>

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

#### <u>SECOND DEFENSE</u>

This Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiffs.

#### <u>THIRD DEFENSE</u>

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiffs are not entitled to recover from Defendant.

## FOURTH DEFENSE

Plaintiffs, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiffs are not entitled to recover from Defendant.

## FIFTH DEFENSE

Plaintiffs have failed to mitigate their damages and are therefore barred from recovery.

## SIXTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendant.  Therefore, Plaintiffs are barred from any recovery against Defendant.

## SEVENTH DEFENSE

Venue is improper in Cobb County as to this Defendant.

## EIGHTH DEFENSE

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## NINTH DEFENSE

This Defendant denies that it caused the Plaintiffs to suffer any injury.

## TENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

## ELEVENTH DEFENSE

Plaintiffs' medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## TWELFTH DEFENSE

This Defendant is an improper Defendant and *respondeat superior* does not apply to this Defendant.

## THIRTEENTH DEFENSE

Plaintiffs' failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiffs' rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

## FOURTEENTH DEFENSE

Plaintiffs' claims against this Defendant are subject to dismissal for lack of personal jurisdiction.

## FIFTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

1.

The allegations in Paragraph 1 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 1 of the Complaint.

2.

The allegations in Paragraph 2 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this

Defendant is without information to either admit or deny the allegations of Paragraph 2 of the Complaint.

3.

The allegations in Paragraph 3 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 3 of the Complaint.

4.

The allegations in Paragraph 4 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 4 of the Complaint.

5.

The allegations in Paragraph 5 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 5 of the Complaint.

6.

The allegations in Paragraph 6 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 6 of the Complaint. Therefore, same is denied.

7.

Paragraph 7 of the Complaint is admitted.

8.

Paragraph 8 of the Complaint is denied.

## SUMMARY OF FACTS

9.

This Defendant is without information to either admit or deny the allegations of Paragraph 9 of the Complaint. Therefore, same is denied.

10.

The allegations in Paragraph 10 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 10 of the Complaint. Therefore, same is denied.

11.

Paragraph 11 of the Complaint is denied.

12.

Paragraph 12 of the Complaint is denied.

13.

Paragraph 13 of the Complaint is denied.

14.

The allegations in Paragraph 14 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 14 of the Complaint is denied.

15.

The allegations in Paragraph 15 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 15 of the Complaint is denied.

## COUNT I
## NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

16.

The Defendant realleges and incorporates by reference Paragraphs 1 through 15 above as if fully and specifically set forth herein.

17.

The allegations in Paragraph 17 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 17 of the Complaint. Therefore, same is denied.

18.

The allegations in Paragraph 18 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 18 of the Complaint. Therefore, same is denied.

19.

The allegations in Paragraph 19 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without information to either admit or deny the allegations of Paragraph 19 of the Complaint. Therefore, same is denied.

20.

Paragraph 20 of the Complaint is denied.

21.

Paragraph 21 of the Complaint is denied.

22.

The allegations in Paragraph 22 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 22 of the Complaint is denied.

## COUNT II
## JOINT AND SEVERAL LIABILITY OF DEFENDANT JOHN DOE
## AND DEFENDANT WERNER

23.

This Defendant realleges and incorporates by reference Paragraphs 1 through 22 above as if fully and specifically set forth herein.

24.

The allegations in Paragraph 24 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 24 of the Complaint is denied. This Defendant specifically denies the inference or insinuation that it committed any negligent act against Plaintiffs. This Defendant further denies that joint and several liability applies in the State of Georgia.

25.

This Defendant is without information to either admit or deny the allegations of Paragraph 25 of the Complaint. Therefore, same is denied.

26.

Paragraph 26 of the Complaint is denied.

27.

The allegations in Paragraph 27 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 27 of the Complaint is denied.

28.

The allegations in Paragraph 28 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 28 of the Complaint is denied. This Defendant specifically denies the inference or insinuation that it committed any negligent act against Plaintiffs. This Defendant further denies that joint and several liability applies in the State of Georgia.

## COUNT III
## JOINT AND SEVERAL LIABILITY OF DEFENDANT JOHN DOE, DEFENDANT WERNER, AND DEFENDANT DOLLAR GENERAL

29.

The Defendant realleges and incorporates by reference Paragraphs 1 through 28 above as if fully and specifically set forth herein.

30.

The allegations in Paragraph 30 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 30 of the Complaint is denied. This Defendant specifically denies the inference or insinuation that it committed any negligent act against Plaintiffs. This Defendant further denies that joint and several liability applies in the State of Georgia.

-8-

31.

This Defendant is without information to either admit or deny the allegations of Paragraph 31 of the Complaint. Therefore, same is denied.

32.

Paragraph 32 of the Complaint is denied.

33.

The allegations in Paragraph 33 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 33 of the Complaint is denied.

34.

The allegations in Paragraph 34 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 34 of the Complaint is denied. This Defendant specifically denies the inference or insinuation that it committed any negligent act against Plaintiffs. This Defendant further denies that joint and several liability applies in the State of Georgia.

## COUNT IV
## NEGLIGENT HIRING, TRAINING AND SUPERVISION
## BY DEFENDANT WERNER

35.

The Defendant realleges and incorporates by reference Paragraphs 1 through 34 above as if fully and specifically set forth herein.

36.

Paragraph 36 of the Complaint is denied. This Defendant further states that it did not employ the John Doe driver who is a Defendant in this case.

-9-

37.

Paragraph 37 of the Complaint is denied. This Defendant further states that it did not employ the John Doe driver who is a Defendant in this case.

38.

Paragraph 38 of the Complaint is denied. This Defendant further states that it did not employ the John Doe driver who is a Defendant in this case.

39.

The allegations in Paragraph 39 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 39 of the Complaint is denied.

40.

Paragraph 40 of the Complaint is denied.

41.

The allegations in Paragraph 41 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Paragraph 41 of the Complaint is denied.

42.

Paragraph 42 of the Complaint is denied.

43.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint.  All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

**WHEREFORE**, Defendant **WERNER ENTERPRISES, INC.**, having fully answered

Plaintiff's Complaint for Damages, prays as follows:

   a)      that it be discharged without cost or liability;

   b)      that it have a trial by a jury as to all issues properly triable by a jury;

   c)      that a Pre-Trial Conference be held;

   d)      that costs and attorneys' fees be assessed against Plaintiff; and

   e)      that it have such other relief as the Court deems just and proper.

This 29th day of October, 2018.

                              **HALL BOOTH SMITH, P.C.**


                              */s/ Caitlin D. Mattler*
                              SCOTT H. MOULTON
                              Georgia Bar No. 974237
                              CAITLIN D. MATTLER
                              Georgia Bar No. 888463
                              *Counsel for Defendant Werner Enterprises,*
                              *Inc.*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
(404) 954-5000
(404) 954-5020 Fax
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

DAVID PEARSON and SANDRA
PEARSON,

    Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
WERNER ENTERPRISES, INC., and
JOHN DOE,

    Defendant.

CIVIL ACTION NO.:
18-A-2380

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter via PeachCourt E-file which will automatically send an electronic notification to the following:

William G. Hammill
Dexter J. Youmans
Jan P. Cohen
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, Georgia 30096

This 29th day of October, 2018.

**HALL BOOTH SMITH, P.C.**

*/s/ Caitlin D. Mattler*
CAITLIN D. MATTLER
Georgia Bar No. 888463
*Counsel for Defendants*

191 Peachtree Street, N.E.; Suite 2900
Atlanta, Georgia  30303-1775
(404) 954-5000; (404) 954-5020 Fax

-12-

66286503-1
8056-0032